## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY L. WHITE
10208 EYELET COURT
CLINTON, MARYLAND 20735
                                                    *

and

DONALD CHRISTIAN
5407 SASHA COURT
WILLIAMSBURG, VA 23188

        Plaintiffs          *          Case No.:

v.

OCEAN DUCHESS INC.
16211 PARK TEN PLACE                                *
HOUSTON TEXAS 77084
    serve on: Bob Miller
    16211 Park Ten Place
    Houston, TX 77084
                                                    *
and
                                                    *

UNITED STATES GOVERNMENT
UNITED STATES DEPARTMENT OF
TRANSPORTATION
Maritime Administration
    Serve on:
    Kenneth L. Wainstein
    U.S. Attorney for the
    District of Columbia                          *
    555 4th Street, N.W
    Washington, DC 20530
and
                                                    *
    Serve on:
    Alberto Gonzalez
    U.S Attorney General                           *
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001                      *

        Defendants          *
*       *       *       *       *       *

## COMPLAINT

COMES NOW Plaintiffs, Gregory L. White, and Donald Christian (hereinafter "Plaintiffs"), by and through their undersigned counsel Prabir Chakrabarty and Resnick & Schwartzman, LLC and hereby sues Defendants, Ocean Duchess Inc., and the United States Government (hereinafter "Defendants") for reasons therefore, states as follows:

### Jurisdiction and Venue

1. That Defendant Ocean Duchess Inc. is duly organized under the laws of the State of Texas.

2. Defendant Ocean Duchess conducts business in Norfolk Virginia through a United States Government contract.

3. United States Department of Transportation Maritime Administration (MARAD) awarded the S.S. Cape May contract to Ocean Duchess Inc. in August 2005.

4. United States Department of Transportation conducts business in Washington, DC.

5. Plaintiff White is domiciled in Maryland.

6. Plaintiff Christian is domiciled in Virginia.

7. Plaintiffs were both terminated in Norfolk, Virginia.

8. Plaintiffs at all relevant times were employed by Ocean Duchess for the applicable period of August 14, 2005 until the date of their termination on September 13, 2005.

9. Plaintiffs bring this action against Defendants Ocean Duchess Inc. and the United States Department of Transportation on grounds that they were subjected to racial discrimination by Defendants, and were forcibly terminated based on race.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 42 U.S.C. S. §2000e-2 and Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

11. Venue is proper in the United States District Court for the District of Columbia pursuant to 42 U.S.C.§2000e-5 (f)(3).

12. Plaintiffs filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), and both have received a right to sue letter.

### Facts

13. Plaintiffs are African-American, and were employed on S.S. Cape May, a United States Government vessel pre-positioned in Norfolk, Virginia.

14. Plaintiffs were employed on S.S. Cape May from February 2000 until their unlawful termination on August 14, 2005.

15. On August 14, 2005, the contract for the vessel S.S. Cape May was awarded by the United States Government to Ocean Duchess Inc.

16. On August 14, 2005, a sixty day probationary period for maintenance crew was instituted after the contract was transferred to Ocean Duchess.

17. Racial slurs by the Chief mate of Ocean Duchess were directed at Plaintiffs.

18. On the recommendation of the Chief Mate, Plaintiffs were discharged on September 13, 2005.

19. Defendants claimed Plaintiffs were lawfully terminated, citing the 60 day probationary period, implemented on August 14, 2005.

20. That Plaintiff Christian was wrongfully discharged due to his race and age.

21. During Plaintiffs' five year history on the S.S. Cape May, Plaintiffs Christian and

      White have received "Very Good" and "Excellent" ratings on evaluations and performance reports.

22. Plaintiffs' employment positions on Ocean Duchess Inc. were replaced by white employees.

### Count I: Racial Discrimination

23. Plaintiffs incorporate and allege paragraphs 1-22 as if fully set forth herein

24. As a result of Plaintiffs unlawful discharge, Plaintiffs have lost wages.

25. Defendants' discharge of Plaintiffs is unlawful and a violation of Title VII of the Civil Rights Act of 1964 and a violation of 42 U.S.C. §2000e-2.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendants as follows:

    a) that a finding be entered that Defendants intentionally discriminated against Plaintiffs with malice or reckless indifference to Plaintiffs federally protected rights in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e)-2;

    b) that Plaintiffs be awarded all wages, benefits and compensation lost due to Defendants' discriminatory conduct;

    c) that each Plaintiff be awarded $1,000,000.00 in punitive damages and $300,000 each in compensatory damages from each Defendant;

    d) that Plaintiffs be awarded reasonable attorney's fees and costs.;

    e) that Plaintiffs be awarded prejudgment interest; and

    f) that Plaintiffs be awarded such other and further relief as this court may deem just and proper.

## COUNT II: Retaliation

26. Plaintiff White incorporates Paragraphs 1 through 25 as if fully set forth herein.

27. Defendants were aware of Plaintiff White instituting an action of race discrimination against his previous employer, Interocean Ugland.

28. Upon filing of the complaint of discrimination, but before a decision was rendered by the EEOC, Interocean Ugland returned Mr. White to his position.

29. Plaintiff White was told by Defendants he received "excellent" marks on his evaluations only because they were aware of his past racial discrimination claims.

30. On September 4, 2005, Defendant Ocean Duchess terminated Plaintiff White's employment in direct retaliation for expressing his opposition to discriminatory practices of Interocean Ugland, as prohibited by Title VII of the Civil Rights Act and 42 U.S.C. 2000(e)-3(a)

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor and against Defendant as follows:

    a) That a finding be entered that Defendants intentionally discriminated against Plaintiff White with malice or reckless indifference to Plaintiff White's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §2000(e)-3(a).

    b) That Plaintiff White be awarded all wages, benefits and compensation lost due to Defendants' hostile conduct;

    c) That Plaintiff White be awarded $500,000 in punitive damages and

        $300,000 in compensatory damages from each Defendant;

d)     That Plaintiff be awarded reasonable attorney's fees and costs;

e)     That Plaintiff be awarded such other and further relief as this court deem just and proper.

### Count III: Age Discrimination

31. Plaintiff Christian incorporates Paragraphs 1-24 as if fully set forth herein.

32. Defendants illegally discriminated against Plaintiff Christian based on his age.

33. Defendants illegally discharged Plaintiff Christian in violation of 29 U.S.C. §623(a) when Plaintiff Christian was discharged from his duties on board the S.S. Cape May.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants as follows:

a)     that a finding be entered that Defendants intentionally discriminated against Plaintiff with malice and reckless indifference to Plaintiff's federally protected rights in violation of 29 U.S.C. §623(a).

b)     that Plaintiff be awarded all wages, benefits and compensation lost due to Defendant's hostile conduct;

c)     That Plaintiff be awarded $1,000,000 in punitive damages and $300,000 in compensatory damages from each Defendant.

d)     That Plaintiff be awarded reasonable attorney's fees and costs;

e)     That Plaintiff be awarded such other and further relief as this Court deems just and proper

**Count IV: Intentional Infliction of Emotion Distress**

34. Plaintiffs incorporate Paragraphs 1-25 as if fully set forth herein.

35. Defendants' discrimination against Plaintiffs White and Christian were intentional and reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

36. The aforesaid conduct was extreme and outrageous and beyond the bounds of decent society.

37. Said conduct of Defendants was malicious, willful and intentional.

38. As a result of the aforementioned conduct and actions, Plaintiffs White and Christian have suffered, and will continue to suffer, severe and extreme emotional distress

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant as follows:

a) that a finding be entered that Defendants intentionally discriminated against Plaintiffs with malice and reckless indifference to Plaintiffs federally protected rights in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §2000e-2.

b) that Plaintiffs be awarded all wages, benefits and compensation lost due to Defendant's hostile conduct;

c) That Plaintiffs be awarded $1,000,000 in punitive damages and $600,000 in compensatory damages from each Defendant.

d) That Plaintiffs be awarded reasonable attorney's fees and costs;

e)  That Plaintiffs be awarded such other and further relief as this Court deem just and proper.

Respectfully submitted,

_____/s/_____
Prabir Chakrabarty (Bar No. 25524)
Resnick & Schwartzman, LLC
One East Franklin Street
Baltimore, MD 21202
Attorney for Plaintiffs
(410) 539-6087

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREGORY L. WHITE
10208 EYELET COURT
CLINTON, MARYLAND 20735
                                                                                 *

and

DONALD CHRISTIAN
5407 SASHA COURT
WILLIAMSBURG, VA 23188

        Plaintiffs         *      Case No.:

v.

OCEAN DUCHESS INC.
16211 PARK TEN PLACE        *
HOUSTON TEXAS 77084
    serve on: Bob Miller
    16211 Park Ten Place
    Houston, TX 77084
                                       *

and
                                           *

UNITED STATES GOVERNMENT
UNITED STATES DEPARTMENT
OF TRANSPORTATION
Maritime Administration
    Serve on:
    Kenneth L. Wainstein
    U.S. Attorney for the
    District of Columbia    *
555 4th Street, N.W
Washington, DC 20530
and                                     *
    Serve on:
    Alberto Gonzalez
    U.S Attorney General    *
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001    *

        Defendants        *

*    *    *    *    *    *    *    *

## JURY TRIAL DEMAND

Pursuant to Federal Rule 38, Plaintiffs Gregory L. White and Donald Christian by and through their counsel, Prabir Chakrabarty, and Resnick & Schwartzman, L.L.C., demand a trial by jury on all issues triable in the above-referenced matter.

BY:   _____/s/_____

Prabir Chakrabarty (Bar No.: 25524)
One E. Franklin Street
Baltimore, MD 21202
(410) 539-6087
Attorney for the Plaintiffs