IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. WHITE, ) <br> ) <br> & ) <br> ) <br> DONALD CHRISTIAN ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OCEAN DUCHESS, INC. ) <br> ) <br> & ) <br> ) <br> UNITED STATES GOV'T ) <br> DEP'T OF TRANSPORTATION ) <br> ) <br>       Defendants. ) | Civil Action No. 1:06-cv-01423-RCL |

**DEFENDANT OCEAN DUCHESS, INC.'S ANSWER**

Defendant, Ocean Duchess, Inc. ("ODI"), by counsel, and pursuant to Fed. R. Civ. P. 8(b) and 12(a)(4), states the following in response to Plaintiffs' Complaint:

JURISDICTION & VENUE

1. ODI denies the allegations in Paragraph 1 of the Complaint.

2. ODI admits the allegations in Paragraph 2 of the Complaint.

3. ODI denies the allegations in Paragraph 3 of the Complaint.

4. In response to the allegations in Paragraph 4 of the Complaint, ODI asserts that it is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the allegations in Paragraph 4 of the Complaint.

5. In response to the allegations in Paragraph 5 of the Complaint, ODI asserts that it

is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the allegations in Paragraph 5 of the Complaint.

6. In response to the allegations in Paragraph 6 of the Complaint, ODI asserts that it is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the allegations in Paragraph 6 of the Complaint.

7. ODI admits the allegations in Paragraph 7 of the Complaint.

8. ODI denies the allegations in Paragraph 8 of the Complaint.

9. ODI denies the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, ODI denies the allegations in Paragraph 10 of the Complaint.

11. ODI denies the allegations in Paragraph 11 of the Complaint. By way of further response, ODI asserts that venue may not be proper in the United States District Court for the District of Columbia, because with regard to ODI, this choice of venue may be in derogation of 28 U.S.C. § 1391(c). Venue in this Court is also improper, because 42 U.S.C. § 2000e-5(f)(3) provides that a claim may only be brought: (i) where the unlawful act is alleged to have been committed (i.e., Norfolk, Virginia); (ii) where the employment records relevant to the alleged unlawful employment practice are maintained (i.e., Norfolk, Virginia/Houston, Texas); (iii) where Plaintiffs would have worked but for the alleged unlawful act (i.e., Norfolk, Virginia); or (iv) where the employer has his principal office (i.e., Houston, Texas), but only if ODI cannot be found within any of the three preceding districts. Peary v. Tenet, 2004 U.S. Dist. LEXIS 27668, *3 (D.D.C. 2004).

12. In response to the allegations in Paragraph 12 of the Complaint, Defendant asserts that the "right to sue letter[s]" to which Plaintiffs refer speak for themselves and do not require characterization. To the extent an additional response is required, ODI denies the allegations in Paragraph 12 of the Complaint.

## FACTS

13. ODI admits the allegations in Paragraph 13 of the Complaint.

14. ODI denies the allegations in Paragraph 14 of the Complaint.

15. ODI denies the allegations in Paragraph 15 of the Complaint.

16. ODI denies the allegations in Paragraph 16 of the Complaint.

17. ODI denies the allegations in Paragraph 17 of the Complaint.

18. ODI denies the allegations in Paragraph 18 of the Complaint.

19. ODI admits only that at all times relevant to this action, it acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons. ODI denies all remaining allegations in Paragraph 19 of the Complaint.

20. ODI denies the allegations in Paragraph 20 of the Complaint.

21. ODI denies the allegations in Paragraph 21 of the Complaint, and asserts that the "evaluations and performance reports" to which Plaintiffs refer speak for themselves and do not require characterization. By way of further response, ODI asserts that it never provided Plaintiffs with any ratings of "Very Good" or "Excellent," because it never conducted any evaluations or performance reports of Plaintiffs during their brief period of probationary employment with ODI.

22. ODI denies the allegations in Paragraph 22 of the Complaint.

COUNT I: RACIAL DISCRIMINATION

23. ODI incorporates by reference its responses to the allegations in Paragraphs 1 through 22 of the Complaint as if fully set forth here.

24. ODI denies the allegations in Paragraph 24 of the Complaint, and asserts that, at all times relevant to this action, it acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons. ODI states that Plaintiffs have not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiffs are entitled to any relief whatsoever.

25. ODI denies the allegations in Paragraph 25 of the Complaint, and asserts that, at all times relevant to this action, it acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons. ODI states that Plaintiffs have not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiffs are entitled to any relief whatsoever.

26. ODI denies that it is liable for any of the claimed damages and other relief set forth in the "WHEREFORE" clause immediately following Count I of the Complaint. ODI further states that the "WHEREFORE" clause immediately following Count I of the Complaint contains only conclusory assertions of Plaintiffs' litigation aspirations to which no response is required. Finally, ODI states that Plaintiffs have not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiffs are entitled to any relief whatsoever.

COUNT II: RETALIATION

27. ODI incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Complaint as if fully set forth here.

28. ODI denies the allegations in Paragraph 27 of the Complaint.

29. In response to the allegations in Paragraph 28 of the Complaint, ODI asserts that it is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the allegations in Paragraph 28 of the Complaint.

30. ODI denies the allegations in Paragraph 29 of the Complaint.

31. ODI denies the allegations in Paragraph 30 of the Complaint, and asserts that, at all times relevant to this action, it acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.

32. ODI denies that it is liable for any of the claimed damages and other relief set forth in the "WHEREFORE" clause immediately following Count II of the Complaint. ODI further states that the "WHEREFORE" clause immediately following Count II of the Complaint contains only conclusory assertions of Plaintiffs' litigation aspirations to which no response is required. Finally, ODI states that Plaintiffs have not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiffs are entitled to any relief whatsoever.

COUNT III: AGE DISCRIMINATION

33. ODI incorporates by reference its responses to the allegations in Paragraphs 1 through 30 of the Complaint as if fully set forth here.

34. ODI denies the allegations in Paragraph 32 of the Complaint.

35. ODI denies the allegations in Paragraph 33 of the Complaint, and asserts that, at all times relevant to this action, it acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons.

36. ODI denies that it is liable for any of the claimed damages and other relief set forth

in the "WHEREFORE" clause immediately following Count III of the Complaint. ODI further states that the "WHEREFORE" clause immediately following Count III of the Complaint contains only conclusory assertions of Plaintiff Christian's litigation aspirations to which no response is required. Finally, ODI states that Plaintiff Christian has not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiff Christian is entitled to any relief whatsoever.

<u>COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

37. ODI incorporates by reference its responses to the allegations in Paragraphs 1 through 33 of the Complaint as if fully set forth here.

38. ODI denies the allegations in Paragraph 35 of the Complaint.

39. ODI denies the allegations in Paragraph 36 of the Complaint.

40. ODI denies the allegations in Paragraph 37 of the Complaint.

41. ODI denies the allegations in Paragraph 38 of the Complaint.

42. ODI denies that it is liable for any of the claimed damages and other relief set forth in the "WHEREFORE" clause immediately following Count IV of the Complaint. ODI further states that the "WHEREFORE" clause immediately following Count IV of the Complaint contains only conclusory assertions of Plaintiffs' litigation aspirations to which no response is required. Finally, ODI states that Plaintiffs have not suffered any damages as a result of any acts or omissions by ODI, and denies that Plaintiffs are entitled to any relief whatsoever.

43. ODI denies all allegations in the Complaint that are not specifically admitted in the foregoing numbered paragraphs.

## DEFENSES

1. ODI asserts that it does not constitute an "employer" as defined under Title VII, because a private employer like ODI is covered by Title VII only when it has at least 15 employees for certain required time periods of employment, 42 U.S.C. § 2000e(h), and ODI never employed more than 15 employees at all times relevant to this action.

2. ODI asserts that it does not constitute an "employer" as defined under Title VII, because a private employer like ODI is covered by Title VII only when it has the requisite number of employees for each working day, in each of 20 or more calendar weeks, in the current or preceding calendar year, 42 U.S.C. § 2000e(b), and Plaintiffs can not dispute that they and the other members of the S/S Cape May crew became ODI employees for the first time on August 15, 2005, a mere 29 days prior to Plaintiffs' termination.

3. ODI asserts that venue is not be proper in the United States District Court for the District of Columbia, because with regard to ODI, this choice of venue may be in derogation of 28 U.S.C. § 1391(c). Venue in this Court is also improper, because 42 U.S.C. § 2000e-5(f)(3) provides that a claim may only be brought: (i) where the unlawful act is alleged to have been committed (i.e., Norfolk, Virginia); (ii) where the employment records relevant to the alleged unlawful employment practice are maintained (i.e., Norfolk, Virginia/Houston, Texas); (iii) where Plaintiffs would have worked but for the alleged unlawful act (i.e., Norfolk, Virginia); or (iv) where the employer has his principal office (i.e., Houston, Texas), but only if ODI cannot be found within any of the three preceding districts. Peary v. Tenet, 2004 U.S. Dist. LEXIS 27668, *3 (D.D.C. 2004).

4. ODI denies that it is liable to Plaintiffs in any amount or in any manner whatsoever.

5. ODI asserts that Plaintiff Christian fails to state a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), that Plaintiffs fail to state a claim for race discrimination or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and that Plaintiffs fail to state a claim for intentional infliction of emotional distress, or any other claim for which relief can be granted.

6. Plaintiffs have failed to allege facts sufficient to sustain a cause of action under the ADEA, Title VII, any other type of unlawful discrimination statute, just as they have failed to allege facts sufficient to establish the *prima facie* elements of a common-law claim of intentional infliction of emotional distress.

7. Plaintiffs have failed to state a *prima facie* case of age discrimination, race discrimination, retaliation, or any other type of unlawful discrimination in their Complaint.

8. Plaintiffs have failed to allege facts sufficient to establish that but for their race, Christian's age, the purportedly protected activity, or a combination of these characteristics, the alleged adverse employment decisions would not have been made.

9. Plaintiffs have failed to allege facts sufficient to establish that but for their alleged protected activity, the alleged adverse employment decisions would not have been made.

10. Plaintiffs have failed to allege facts sufficient to establish that their race, Christian's age, the purportedly protected activity, or a combination of these characteristics, was even a contributing factor in the alleged adverse employment decisions.

11. ODI and its agents, at all times relevant to this action, acted in a lawful manner and for lawful, legitimate, and non-discriminatory business reasons. ODI acted only in good faith and

has not violated any rights that may be available to Plaintiffs under any applicable rule, law, regulation, or guideline.

12. Plaintiffs have not suffered any damages.

13. ODI intends to rely upon the defense, as may be developed through discovery and the evidence, that Plaintiffs' Complaint is barred by the doctrines of laches, waiver, and/or estoppel.

14. Plaintiffs may have failed to mitigate their alleged damages by seeking and obtaining other comparable employment, and one (or both) are therefore barred from recovery.

15. ODI intends to rely upon the defense, as may be developed through discovery and the evidence, that the Court lacks jurisdiction over the subject matter of any claim or allegation of the Complaint not made the subject of a timely-filed administrative charge of discrimination and investigated by the appropriate agency.

16. Plaintiffs cannot establish that they met ODI's legitimate expectations in the positions they occupied prior to their discharge, and were discharged despite their qualifications and performance.

17. Plaintiffs cannot establish that they were terminated under circumstances creating an inference of age discrimination, race discrimination, retaliation, or any other type of unlawful discrimination under any other statute prohibiting discrimination in employment.

18. ODI asserts that Plaintiffs are not entitled to any recovery in excess of the amounts permitted by law, including but not limited to 42 U.S.C. § 1981a.

19. ODI states that Plaintiffs lack any credible evidence that ODI's proffered reasons for taking the actions on which Plaintiffs base this action are false, and that discrimination in violation of Title VII or the ADEA is the real reason for such actions.

20. ODI states that any actual violation of the ADEA or Title VII was in good faith, and that it had reasonable grounds to believe that its actions were not in violation of any employment discrimination statute.

21. ODI states that Plaintiffs' claims are barred to the extent they exceed the scope of the underlying EEOC Charges of Discrimination.

22. ODI asserts that Plaintiffs are not entitled to recovery of all the benefits and damages that they seek under Title VII and the ADEA.

23. ODI asserts that Plaintiffs are not entitled to a recovery of the compensatory or punitive damages sought in Plaintiff's claims under the common-law of intentional infliction of emotional distress.

24. ODI reserves the right to amend this Answer as additional facts may be discovered in the course of this litigation.

WHEREFORE, Defendant Ocean Duchess, Inc., by counsel, respectfully requests that the Complaint be dismissed in its entirety, and that Defendants be awarded all such costs and fees to which they may be entitled under law.

Respectfully submitted,

OCEAN DUCHESS, INC.

By:____/s/  Megan S. Ben'Ary_____
              Counsel

Dated:  November 21, 2006

 Vijay K. Mago (VSB No. 40531)
 LECLAIR RYAN, A Professional Corporation
 Riverfront Plaza, East Tower
 951 East Byrd Street, P.O. Box 2499
 Richmond, VA 23218-2499
 Telephone:  (804) 783-7579
 Facsimile:  (804) 783-7531

 Megan S. Ben'Ary (DC Bar No. 493415)
 LECLAIR RYAN, A Professional Corporation
 225 Reinekers Lane, Suite 700
 Alexandria, Virginia 22314
 Telephone:  (703) 684-8007
 Facsimile:  (703) 684-8075

 *Counsel for Ocean Duchess, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that I transmitted a copy of the foregoing DEFENDANT OCEAN DUCHESS, INC.'S ANSWER via electronic mail (pc@rs-atty.com) and first class mail, postage prepaid, to Prabir Chakrabarty, RESNICK & SCHWARTZMAN, L.L.C., One East Franklin Street, Suite 200, Baltimore, Maryland 21202, counsel for Plaintiff, on this the 21st day of November, 2006.

      /s/ Megan S. Ben'Ary
      Megan S. Ben'Ary