IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY L. WHITE, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| DONALD CHRISTIAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-01423-RCL |
| | ) | |
| OCEAN DUCHESS, INC. | ) | |
| | ) | |
| & | ) | |
| | ) | |
| UNITED STATES GOV'T | ) | |
| DEP'T OF TRANSPORTATION | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OCEAN DUCHESS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(3) & 12(b)(6)

Defendant, Ocean Duchess, Inc. ("ODI"), by counsel, and pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), and 12(b)(6), respectfully moves this Court to dismiss Plaintiff's action on the

grounds and for the reasons set forth with specificity in the attached Memorandum In Support Of

Motion to Dismiss.

WHEREFORE, for the reasons set forth in the accompanying Memorandum In Support

Of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6), Defendant,

Ocean Duchess, Inc., respectfully moves the Court to dismiss the action filed against it, and to

award it all such other relief as may be just and fair, including its costs and fees expended in this

matter.  With regard to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant,

Ocean Duchess, Inc., respectfully moves this Court in the alternative to transfer this action to the

Eastern District of Virginia, Norfolk Division, as it constitutes the appropriate forum.

Respectfully submitted,

OCEAN DUCHESS, INC.


By:_____/s/  Megan S. Ben'Ary_____
                Counsel

Dated:  November 21, 2006


Vijay K. Mago (VSB No. 40531)
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, P.O. Box 2499
Richmond, VA 23218-2499
Telephone:  (804) 783-7579
Facsimile:  (804) 783-7531


Megan S. Ben'Ary (DC Bar No. 493415)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone:  (703) 684-8007
Facsimile:  (703) 684-8075

*Counsel for Ocean Duchess, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY L. WHITE,                    )
                                     )
&                                    )
                                     )
DONALD CHRISTIAN                     )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )        Civil Action No. 1:06-cv-01423-RCL
                                     )
OCEAN DUCHESS, INC.                  )
                                     )
&                                    )
                                     )
UNITED STATES GOV'T                  )
DEP'T OF TRANSPORTATION              )
                                     )
        Defendants.                  )


**DEFENDANT OCEAN DUCHESS, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(3) & 12(b)(6)**

    Defendant, Ocean Duchess, Inc. ("ODI"), by counsel, and pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), and 12(b)(6), respectfully submits the following Memorandum of Law In

Support Of Motion to Dismiss.

I.    PRELIMINARY STATEMENT

    White and Christian's Complaint suffers from several significant defects, some of which

compel the dismissal of discrete counts, and some of which compel a complete dismissal of this

action.  First, ODI does not constitute an "employer" under Title VII, because it failed to employ

more than 15 individuals at all times relevant to this action, and private employers like ODI are

covered by Title VII only when they have at least 15 employees for requisite time periods of

3

employment. <u>See</u> 42 U.S.C. § 2000e(h). In addition, Title VII only covers a private employer

like ODI when it employs the requisite number of individuals for each working day, in each of 20

or more calendar weeks, in the current or preceding calendar year, 42 U.S.C. § 2000e(b), and

Plaintiffs can not dispute that they and the other members of the S/S Cape May crew became ODI

employees for the first time on August 15, 2005, a mere 29 days prior to Plaintiffs' termination.

Second, Plaintiff White attempts to state a retaliation claim in Count II, but does not even

allege that he lost his position with ODI based on his participation in any protected activity

involving ODI. Rather, Plaintiff White alleges that he lost his position with ODI "for expressing

his opposition to discriminatory practices of Interocean Ugland, [a prior employer]." Given the

lack of any allegation of protected activity involving ODI, the basis for Plaintiff's White retaliation

claim is unclear. Equally uncertain is the causal connection between Plaintiff White's activity with

a prior employer and his subsequent hire and termination by ODI. This lack of clarity reflects that

Plaintiff White's claim for retaliation represents a legal impossibility, and compels the dismissal of

Count II.

Third, Plaintiff Christian attempts to state a claim for age discrimination under Count II,

but fails to set forth allegations addressing each of the *prima facie* elements of a claim for

discriminatory discharge under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 621 *et seq.* For instance, Plaintiff Christian fails to allege, or even imply, that ODI replaced him

with a younger employee following his termination. Fourth, Plaintiffs attempt to state a claim for

intentional infliction of emotional distress (Count IV) based on the allegations of race

discrimination in Count I, the only other cause of action common to both Plaintiffs. Allegations

of race discrimination, however, amount to extreme and outrageous conduct only where the

plaintiff can show a pattern of harassment, rather than isolated incidents of discrimination.  In addition, Plaintiffs fail to plead any specific facts about the emotional distress they purportedly suffered due to their allegedly discriminatory discharges.  Given the skepticism with which this Court has traditionally viewed such claims in the employment context, Count IV should be dismissed for failure to allege intentional infliction of emotional distress with the requisite specificity.

Finally, although Plaintiffs assert correctly that 42 U.S.C. § 2000e-5(f)(3) governs the issue of venue given the underlying allegations, their selection of this Court is in derogation of the explicit language of 42 U.S.C. § 2000e-5(f)(3).  The only appropriate venue in this action is the Eastern District of Virginia's Norfolk Division, because that is (i) where the unlawful acts are alleged to have been committed; (ii) where most of the relevant employment records are maintained; and (iii) where Plaintiffs would have worked but for the alleged unlawful acts.  For this reason, the dismissal, or in the alternative transfer, of this action pursuant to Fed. R. Civ. P. 12(b)(3) is appropriate.

## II.    STANDARD OF REVIEW

### A.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) Motion to Dismiss tests the legal sufficiency of a Complaint. Gasner v. County of Dinwiddie, 162 F.R.D. 280, 281 (E.D. Va. 1995), aff'd, 103 F.3d 351 (4th Cir. 1996).  To evaluate a Rule 12(b) motion, the Court may "consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Moore v. Flagster Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997).

A Rule 12(b) motion requires the Court to accept as true any factual allegations in the

Complaint.  Assa'ad-Faltas v. Virginia, 738 F. Supp. 982, 985 (E.D. Va. 1989), aff'd, 902 F.2d

1564 (4th Cir. 1990).  The Court need not, however, accept as true mere legal conclusions.  If the

plaintiff "has failed to allege any set of facts upon which relief can be granted, the Complaint may

be dismissed."  Marks v. Crawford, 882 F. Supp. 530, 532 (E.D. Va. 1993); see also Weill v.

Dominion Resources, Inc., 875 F. Supp. 331, 338 (E.D. Va. 1994) ("a court need not accept

inferences drawn by the plaintiffs if such inferences are unsupported by the facts set out in the

Complaint . . . nor must the court accept legal conclusions cast in the term of factual allegations).

 "Were it otherwise, Fed. R. Civ. P. 12(b)(6) would serve no function, for its purpose is to

provide a defendant with a mechanism for testing the legal sufficiency of the Complaint."  Schatz

v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992); see also

Assa'ad-Faltas, 738 F. Supp. at 985 ("the Court need not accept as true mere legal conclusions

couched as factual allegations.").

B.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

       Fed. R. Civ. P. 12(b)(1) provides a defense where the Plaintiff fails to state a basis for

subject matter jurisdiction.  A Rule 12(b)(1) Motion to Dismiss based on the failure to satisfy

jurisdictional prerequisites may be based on the plaintiff's failure to file a charge of discrimination

implicating the same anti-discrimination laws that the Complaint implicates.  See Sloop v.

Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999).  In fact, dismissal of actions

over which the Court lacks subject matter jurisdiction is obligatory.  Lovern v. Edwards, 190 F.3d

648, 654 (4th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3)); Goldsmith v. Mayor & City Council of

Baltimore, 845 F.2d 61, 64 (4th Cir. 1988).  Fed. R. Civ. P. 12(b)(1) does, however, afford the

same procedural protections that Fed. R. Civ. P. 12(b)(6) affords, because it also requires the

Court to accept the facts alleged in the Complaint as true and construe them in the plaintiff's favor. Carter v. Arlington Pub. School Sys., 82 F. Supp. 2d 561, 564 (E.D. Va. 2000) (quoting Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1094 (E.D. Va. 1995)).

Significantly, the Court may utilize extrinsic evidence, including affidavits, depositions, or live testimony, to resolve factual disputes concerning jurisdiction without converting this Motion to Dismiss into one for summary judgment. Carter, 82 F. Supp. 2d at 564 (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)); Mims v. Kemp, 516 F.2d 21, 22 (4th Cir. 1975). Similarly, this Court may consider official public records pertinent to Plaintiff's claim. Moore v. Flagster Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997). Finally, the burden of proving subject matter jurisdiction is on the party seeking to establish jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States of Am., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams at 1219).

### III.    STATEMENT OF ALLEGATIONS & PROCEDURAL BACKGROUND

#### A.    STATEMENT OF ALLEGATIONS

Plaintiffs became employees of ODI for the first time on August 14, 2005, Compl. at ¶ 8, when ODI assumed operational control of the S.S. Cape May, the ship to which Plaintiffs were assigned. Compl. at ¶¶ 14, 15. ODI claims that it terminated Plaintiffs' employment for legitimate, lawful reasons, Compl. at ¶ 19. These terminations occurred within 30 days of ODI's decision to hire Plaintiffs. Compl. at ¶ 8. Plaintiffs assert that ODI terminated them on the basis of race, even though their race was no more apparent on September 13, 2005, than August 14, 2005. Compl. at ¶ 9.

Plaintiff Christian also asserts that ODI terminated his employment on the basis of age,

although he fails to allege who ODI hired to fill his position, and whether Plaintiff Christian is even age protected. Compl. at ¶¶ 20, 32. Plaintiff White, on the other hand, also asserts that ODI terminated his employment in retaliation for expressing opposition to the allegedly discriminatory practices of a prior employer, Interocean Ugland. Compl. at ¶ 30. Nowhere does Plaintiff White allege any protected activity involving ODI as the basis for this retaliation claim. See Compl. at ¶¶ 26 – 30 (setting forth allegations giving rise to retaliation claim).

Finally, Plaintiffs assert that ODI's termination of their employment also gives rise to a claim for intentional infliction of emotional distress, even though ODI terminated both individuals during the probationary period of their employment. Compl. at ¶¶ 19, 34 – 38.

B.     PROCEDURAL BACKGROUND

Plaintiffs filed this action on or about August 11, 2006, and transmitted a copy of their Complaint to ODI on or about October 6, 2006. Based on the uncertainty surrounding service of the Complaint, counsel for ODI invited opposing counsel to contact him to discuss the voluntary acceptance of service for purposes of allowing the litigation of this action to commence. Subsequent to October 13, 2006, counsel for ODI and counsel for Plaintiffs agreed to move the Court to establish a certain deadline for the filing of responsive pleadings in light of the absence of any entry regarding a return of service on PACER relating to ODI.

On October 26, 2006, counsel for ODI therefore filed a Motion For Extension Of Time To File Responsive Pleadings, along with a draft Consent Order. This Court entered the Consent Order on November 1, 2006, and fixed November 21, 2006, as the deadline for filing all appropriate responsive pleadings. Pursuant to the Court's November 1, 2006, Order, ODI has filed this pleading, along with a Motion to Dismiss and Answer. For the reason set forth in

8

footnote 2, ODI asserts that oral argument may assist the Court in the decisional process.

IV.    ARGUMENT

A.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION, BECAUSE ODI DOES NOT CONSTITUTE AN "EMPLOYER" UNDER TITLE VII.[1]

Dismissal of this action is appropriate based on the fact that the S.S. Cape May, the ship to which Plaintiffs were allegedly assigned, is a singular enterprise consisting of a 10 person crew. The only other ship in MARAD's fleet for which ODI was also responsible, the S.S. Cape Mohican, also consists of a 10 person crew and constitutes another singular enterprise berthed all the way across the country on the Pacific coast. Specifically, the S.S. Cape May is designed to transport barges that have been damaged while at sea, and its scope of its operations is confined to the Atlantic Ocean. Although the S/S Cape Mohican performs a similar function, it operates with a entirely different crew in an entirely separate theater of operation – the Pacific Ocean. Because each ship is commanded and operated independently of the other, the ships constitute singular rather than integrated enterprises. See, e.g., Nesbit v. Gears Unlimited, Inc., 92 Fair. Empl. Prac. Cas. (BNA) 1249, 2003 WL 22390426 (3d Cir. 2003); Papa v. Katy Indus., Inc., 166 F.3d 937 (7th Cir. 1999); Lyes v. City of Riviera Beach, 166 F.3d 1332 (11th Cir. 1999).

This singular versus integrated enterprise distinction is significant, because a private employer like ODI is covered by Title VII only when it has at least 15 employees for certain required time periods of employment. 42 U.S.C. § 2000e(h). Because the S.S. Cape May

---

1 LCvR7(f) addresses oral hearings, and provides that "A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the Court." Pursuant to this rule, ODI respectfully requests an oral hearing for purposes of presenting the evidence necessary to substantiate its position that it did not employ the requisite number of individuals for the requisite period of time. Alternatively, ODI could present this evidence via affidavit testimony, and will do so if the Court would find such testimony compelling, and if that is the Court's preference.

employed only 10 crew members at all relevant times, ODI does not constitute an "employer" under Title VII. The same result obtains whether you include the 3 full-time ODI employees working at the corporate office in Houston, Texas.

Equally significant is the fact that none of the employees aboard the S.S. Cape May or S.S. Cape Mohican were ODI employees for the requisite period of time. 42 U.S.C. § 2000e(b). Specifically, Title VII requires that a private employer have the requisite number of employees for each working day, in each of 20 or more calendar weeks, in the current or preceding calendar year. Plaintiffs can not dispute that they and the other members of the S.S. Cape May crew became ODI employees for the first time on August 15, 2005, a mere 29 days prior to Plaintiffs' terminations. Similarly, and whether you treat the S.S. Cape Mohican as an integrated rather than singular enterprise, Plaintiffs can not dispute that the crew members serving aboard the S.S. Cape Mohican became ODI employees for the first time on or about September 10, 2005, a mere 3 days prior to Plaintiffs' terminations. Consequently, none of the individuals aboard the S.S. Cape May or the S.S. Cape Mohican constitute "employees" for purposes of determining whether ODI constitutes an "employer."

The significant purpose of the 15 employee minimum set forth in Title VII is to allow small companies like ODI to avoid the considerable expense of complying with the statute's many-nuanced requirements. See, e.g., Nesbit v. Gears Unlimited, Inc., 92 Fair. Empl. Prac. Cas. (BNA) 1249, 2003 WL 22390426 (3d Cir. 2003). This goal suggests that strict construction of the 15 employee minimum is appropriate. For this reason, and given that (i) that the sister ships constitute singular rather than integrated enterprises, and (ii) the 10 member crews of the S.S. Cape May and S.S. Cape Mohican fail to constitute "employees" regardless of the nature of the

enterprise, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

B.    IN COUNT II, PLAINTIFF WHITE FAILS TO STATE A VALID CLAIM FOR RETALIATION.

Plaintiff White seeks to maintain a retaliation claim in Count II, and alleges the following to support this claim:

(i)     ODI was "aware of Plaintiff White instituting an action of race discrimination against his previous employer, Interocean Ugland;"

(ii)    "Upon filing the complaint of discrimination, but before a decision was rendered by the EEOC, Interocean Ugland returned Mr. White to his position;"

(iii)   "Plaintiff White was told by Defendants he received 'excellent' marks on his evaluations only because they were aware of his past racial discrimination claims."

(iv)    ODI "terminated Plaintiff White's employment in direct retaliation for expressing his opposition to discriminatory practices of Interocean Ugland, as prohibited by Title VII."

Compl. at ¶¶ 27-30.

These allegations fail to satisfy each of the *prima facie* elements of a claim for retaliation. Specifically, Plaintiff White must allege the following to state a valid claim for retaliation: (1) that he engaged in a protected activity; (2) that ODI took adverse action against him; and (3) that a causal connection existed between the protected activity and the adverse action. See, e.g., Taylor v. Small, 358 U.S. App. D.C. 439, 350 F.3d 1286, 1292 (D.C. Cir. 2003); Gilyard v. Dep't of Energy, 2000 U.S. App. LEXIS 3706 (4th Cir. 2000); Beall v. Abbott Lab., 130 F.3d 614, 619 (4th Cir. 1997); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Plaintiff White arguably pleads facts sufficient to satisfy the second element based on nothing

11

more than ODI's termination of his employment during the probationary period. Plaintiff White

fails, however, to state a valid retaliation claim, because his allegations of protected activity and

the causal connection between the protected activity and his termination are too tenuous.

The first and third *prima facie* elements ensure that the employer becomes apprised of an

employee's specific concern with unlawful discrimination. See, e.g., Sajadian v. American Red

Cross, Case No. 99-1263, 1999 U.S. App. LEXIS 32065 at *3 (4th Cir. 1999) (finding that

plaintiff did not engage in protected activity, because although plaintiff raised general concerns,

there was no evidence that employer was aware that her complaints were based on allegation of

discrimination) (unpublished opinion); McNair, 1999 U.S. App. LEXIS 1017 at *15; Galdieri-

Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 291-92 (7th Cir. 1998). Plaintiff

White cannot (and does not) allege that he ever complained to ODI about its treatment of him

during the 29 day period that he was an ODI employee. Thus, Plaintiff White cannot allege that

he engaged in any protected activity involving ODI. In addition, Plaintiff White cannot allege that

he complained about specific, prior discriminatory treatment to ODI sometime between his hiring

and termination. Thus, Plaintiff White cannot establish that during his 29 days with ODI, ODI

was apprised of his purported concerns with unlawful discrimination involving his prior employer,

Interocean Ugland. For these reasons, Plaintiff White's allegations preclude him from establishing

that he engaged in a protected activity, and preclude him from stating a *prima facie* case for

retaliation. Plaintiff White simply did not engage in any protected activity vis à vis ODI.

The third element of the *prima facie* case confirms that Plaintiff White cannot establish a

claim for retaliation for the most fundamental of reasons – he cannot establish a causal connection

between his purported protected activity and his termination by ODI. It strains credulity to

12

suggest that ODI hired Plaintiff White despite its awareness that he previously expressed

opposition to the allegedly discriminatory practices of a prior employer, and terminated Plaintiff

White a mere 29 days later because of precisely the same information.  Incredibly, and although

there is no causal connection between the prior protected activity involving a former employer

and ODI's subsequent hiring and firing of Plaintiff White, Count II seeks to suggest that ODI

ignored Plaintiff's White protected activity during the hiring phase, and seized on this protected

activity during the termination phase.  Count II represents a legal impossibility, and dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) is therefore appropriate.

C.    PLAINTIFF CHRISTIAN FAILS TO STATE A CLAIM FOR AGE DISCRIMINATION UNDER THE
       ADEA.

To survive a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, a plaintiff must set forth a "short

and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim

is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  This

pleading standard requires that a plaintiff plead facts adequate to give the defendant fair notice of

the grounds on which the claim is based.  Statements that constitute mere legal conclusions,

absent supporting facts, will not suffice.  Runkle v. Gonzales, 391 F. Supp. 2d 210, 221 (D.D.C.

2005) ("While many well-pleaded complaints are conclusory, the court need not accept as true

inferences unsupported by facts set out in the complaint as factual allegations.").

Under the ADEA, employers are prohibited from discriminating against any individual

"because of such individual's age." 29 U.S.C. § 623.  To state a *prima facie* case of age

discrimination, a plaintiff "must 'demonstrate facts sufficient to create a reasonable inference that

age was a 'determining factor' in the employment decision.'" Reid v. Jennifer, 1990 U.S. Dist.

13

LEXIS 8808, *16 (D.D.C. 1990) (quoting <u>Cuddy v. Carmen</u>, 694 F.2d 853, 856-57 (D.C. Cir. 1982)).  An inference arises if the plaintiff alleges sufficiently that: (1) the plaintiff belongs to the statutorily-protected group of individuals over the age of forty; (2) the plaintiff was qualified for the position in question; (3) the plaintiff was the target of an adverse employment action despite being qualified; and (4) the position at issue remained open and was subsequently filled by a younger employee. <u>Id.</u>; <u>See also</u> <u>Reese v. Potter</u>, 2005 U.S. Dist. LEXIS 36125, *16 (D.D.C. 2005).

Plaintiff Christian has failed to allege facts sufficient to state a claim for age discrimination. Although the Complaint makes repeated, conclusory assertions of illegal age discrimination and wrongful discharge[2], no factual allegations corroborate these naked conclusions of law.  Indeed, the Complaint does not even establish Plaintiff Christian's age.  Count III therefore fails to meet even the most fundamental element of a *prima facie* case of age discrimination.  Further, the Complaint states no facts asserting, or even implying, that Plaintiff Christian was replaced by a younger employee after his termination.

Stated simply, the Complaint is utterly devoid of the fundamental, factual allegations essential to state a *prima facie* case of age discrimination, much less facts sufficient to create a reasonable inference that age was a determining factor in ODI's decision to terminate Plaintiff Christian's employment.  Even construing Count III so as to "do substantial justice" pursuant to Fed. R. Civ. P. 8(f), the allegations fail to state a cause of action under the ADEA.

---

2  The Complaint concludes that Plaintiff Christian was "wrongfully discharged due to his race and age," that the Defendants "illegally discriminated against Plaintiff Christian based on his age," and that the Defendants "illegally discharged Plaintiff Christian in violation of 29 U.S.C. § 623(a) when Plaintiff Christian was

D.    Count IV Fails To State A Claim For Intentional Infliction of Emotional
      Distress.

Count IV purports to assert a claim for intentional infliction of emotional distress, but just

as with Counts II and III, Plaintiffs fail to allege facts sufficient to sustain such a cause of action.

In the final analysis, Plaintiffs fail to provide any basis for concluding that they are entitled to

maintain an independent cause of action for intentional infliction of emotional distress rather than

seek recovery of emotional distress damages within the context of their Title VII claims.  Absent

extraordinary circumstances, which are absent here, damages for such injury are subsumed in

claims for discriminatory discharge under Title VII, and are recoverable under that scheme, and as

contemplated in  42 U.S.C. § 1981a.

To state a claim for intentional infliction of emotional distress, a plaintiff must show (1)

extreme and outrageous conduct by the defendant which (2) intentionally or recklessly (3) causes

the plaintiff severe emotional distress. Coleman v. Potomac Electric Power Co., 422 F. Supp. 2d

209, 215 (D.D.C. 2006)(citing Ben-Kotel v. Howard University, 156 F. Supp. 2d 8, 14 (D.D.C.

2001)); see also Tiefenbacher v. AARP, 2006 U.S. Dist. LEXIS 23629, *7 (D.D.C. 2006); Martin

v. Howard University, 2000 U.S. Dist. LEXIS 7262, *3 (D.D.C. 2000).

Liability for intentional infliction of emotional distress will only be imposed "'for conduct

so outrageous in character and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'"  Coleman,

422 F. Supp. 2d at 215 (quoting Thompson v. Jasas Corp., 212 F. Supp. 2d 21, 27-28 (D.D.C.

2002)); see also Martin, 2000 U.S. Dist. LEXIS at *3-4 ("These claims are reserved for behavior

that is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds

---

discharged from his duties on board the S.S. Cape May." Compl. ¶¶ 20, 32, 33.

of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'"

(quoting Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C. 1982))).

Although race discrimination may in some circumstances amount to extreme and

outrageous conduct, such is only the case where the plaintiff can show "a pattern of harassment,"

rather than those involving only "a few isolated incidents" of discrimination.  Paul v. Howard

University, 754 A.2d 297, 308 (D.C. 2000); see also Martin, 2000 U.S. Dist. LEXIS at *4

("[T]he discrimination allegations must be 'particularly egregious, such as [a] pattern or campaign

of harassment, intimidation, or abuse, to rise to the level of extreme and outrageous conduct.'"

(quoting Richardson v. Bell Atlantic Corp., 946 F. Supp. 54, 77 (D.D.C. 1996))).  Further, to

survive a Rule 12(b)(6) motion, the allegations must "afford a basis for concluding that [the

plaintiff] may be able to prove conduct of the required enormity."  Carey v. Edgewood Mgmt.

Corp., 754 A.2d 951, 956 (D.C. 2000) (emphasis deleted).

In addition, when the conduct complained of occurs in the employment context, Courts in

the District of Columbia have "traditionally been demanding in the proof required to support an

intentional infliction of emotional distress claim."  Kerrigan v. Britches of Georgetowne, Inc., 705

A.2d 624, 628 (D.C. 1997); see also Duncan v. Children's Nat'l Med. Ctr., 702 A.2d 207, 211-12

(D.C. 1997) (noting that "our cases show that, generally, employer-employee conflicts do not rise

to the level of outrageous conduct" required to make out a claim of intentional infliction of

emotional distress).

In this case, the scant paragraphs addressed to the *prima facie* elements fail to approach

the rigorous standard for stating a valid claim for intentional infliction of emotional distress.

Plaintiffs fail to allege any conduct rising to the requisite level of extremity and outrageousness.

16

Similarly, Plaintiffs fail to allege any conduct that could be considered a pattern or campaign of harassment, intimidation, or abuse by ODI. Finally, but equally significant, Plaintiffs fail to allege facts (with any specificity) addressed to the emotional distress they allegedly suffered due to the race discrimination underlying their terminations.

Given the sparse allegations comprising Count IV, combined with the employment context in which this alleged conducted purportedly occurred, there is no basis for concluding that Plaintiffs may be able to prove facts sufficient to make out a claim for intentional infliction of emotional distress. For this reason, Count IV should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

E.    THIS ACTION SHOULD BE DISMISSED BASED ON IMPROPER VENUE.

Finally, this action should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3), or, in the alternative, transferred to the Eastern District of Virginia pursuant to either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Plaintiffs assert correctly that 42 U.S.C. § 2000(e)-5(f)(3) governs venue in this action. Compl. at ¶ 11. Plaintiffs assert incorrectly, however, that venue is proper in this Court.

42 U.S.C. § 2000e-5(f)(3) governs venue in Title VII action, and states that venue is proper in any of three judicial districts: (1) where the unlawful employment practice is alleged to have been committed, (2) where the employment records relevant to the alleged unlawful employment practice are maintained and administered, or (3) where the aggrieved person would have worked but for the alleged unlawful employment practice. If the defendant cannot be found in any of these three districts, then venue may be found in the judicial district where the employer has its principal office. 42 U.S.C. § 2000e-5(f)(3). Courts have noted that this statutory scheme

17

indicates that Congress "intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." <u>Darby v. United States Department of Energy</u>, 231 F. Supp. 2d 274, 277 (D.D.C. 2002).

Venue is improper in this Court, because (i) the alleged discrimination did not occur in the District of Columbia, (ii) no employment records relevant to the alleged discrimination are maintained or administered in the District of Columbia, and (iii) Plaintiffs would not have worked in the District of Columbia but for the alleged discrimination. To the contrary, the alleged unlawful employment practice occurred in Norfolk, Virginia, and all employment records relevant to the alleged discrimination are maintained and administered in Norfolk, Virginia and Houston, Texas. There is no evidence or allegation whatsoever that Plaintiffs would have worked in the District of Columbia but for the alleged discrimination. Further, ODI can be found in both Virginia and Texas, and therefore the statutory exception under § 2000e-5(f)(3) for defendants who cannot be found in any of the three enumerated judicial districts would not apply in this case. It is apparent from the facts pled in that the only jurisdiction clearly "concerned with the alleged discrimination" is the Eastern District of Virginia, Norfolk Division.

If a case involves multiple causes of action, (which may or may not be the case depending on the Court's disposition of the various claims in light of this Motion to Dismiss) venue must be proper as to each claim. <u>Ifill v. Potter</u>, 2006 U.S. Dist. LEXIS 83833, *6-7 (D.D.C. 2006) (citing <u>Relf v. Gasch</u>, 511 F.2d 804, 807 n.12 (D.C. Cir. 1975)). If one of the claims can be considered the primary claim, then the case should be brought where venue is proper for the "principal cause of action." <u>Id.</u> at *7. This is especially the case where the principal cause of action "'is governed by a narrower venue provision than the secondary cause of action.'" <u>Id.</u> (quoting <u>Hayes v. RCA</u>

Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982)).

Plaintiffs' race discrimination claim (Count I), is the principal cause of action. It is the only claim asserted jointly by both Plaintiffs, other than the claim for intentional infliction of emotional distress (Count IV), which is derivative of the claim for racial discrimination and should therefore be heard in the same venue as Count I.  Although Plaintiff White individually asserts a retaliation claim under Title VII (Count II), and Plaintiff Christian individually asserts an age discrimination claim under the ADEA[3] (Count III), these cannot be considered the principal causes of actions, as Plaintiffs do not jointly assert these claims. Rather, Plaintiffs' claim for racial discrimination, and the related, derivative claim for intentional infliction of emotional distress, constitute the only claims common to both Plaintiffs. Therefore, Count I is the principal cause of action in the case.

In federal question cases, venue is proper in any judicial district (1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  Here, not only is a Title VII claim the principal cause of action, but the venue statute for Title VII claims is decidedly more narrow than the general venue provision for federal question claims. As a result, venue in the instant action should be determined pursuant to Title VII venue requirements.

Even if venue in this case were based on the general venue statute, 28 U.S.C. § 1391(b), venue would nonetheless be improper. The named Defendants do not reside in the same state.

---

3 The general venue statute for federal courts, 28 U.S.C. § 1391, applies to claims made under the ADEA. See Peary v. Tenet, 2004 U.S. Dist. LEXIS 27668, *5-6 (D.D.C. 2004) ("Because the ADEA does not have a special venue provision, the general venue provision of 28 U.S.C. § 1391 is applicable to ADEA suits.").

None of the events giving rise to the discrimination claims occurred in the District of Columbia; rather, all of the alleged actions occurred in Norfolk, Virginia. Lastly, a proper district exists in which this action may be brought pursuant to § 1391(b)(1) and § 1391(b)(2), specifically the Eastern District of Virginia. Therefore, venue is improper in this Court under § 1391(b). Because Plaintiffs have filed this case in an improper venue, their claims should be dismissed pursuant to Fed. R. Civ. P. (b)(3). In the event this court does not dismiss the Complaint in its entirety, this case should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

## V.    CONCLUSION

This action suffers from several significant defects. First, the allegations are insufficient to state claims for retaliation, age discrimination, and intentional infliction of emotional distress. When distilled to their essence and viewed in the best possible light, the allegations fail completely to address the requisite, *prima facie* elements of claims for retaliation (Count II), age discrimination claim (Count III), and intentional infliction of emotional distress (Count IV). As such, Counts II, III, and IV are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

In addition, ODI does not constitute an "employer" as defined under Title VII, because it did not employ the requisite number of employees for the requisite period of time. Thus, the entire action is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Finally, Plaintiffs have commenced this action in an improper venue despite alleging correctly that 42 U.S.C. § 2000e-5(f)(3) controls, because nothing in the text of this venue provision points to this Court as an appropriate venue. In fact, venue is only appropriate in the Eastern District of Virginia's Norfolk Division, or (possibly) Houston, Texas.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in the accompanying Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6), Defendant, Ocean Duchess, Inc., respectfully moves the Court to dismiss the action filed against it, and to award it all such other relief as may be just and fair, including its costs and fees expended in this matter.  With regard to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant, Ocean Duchess, Inc., respectfully moves this Court in the alternative to transfer this action to the Eastern District of Virginia, Norfolk Division, as it constitutes the appropriate forum.

Respectfully submitted,

OCEAN DUCHESS, INC.


By:_____/s/  Megan S. Ben'Ary_____
                     Counsel

Dated:  November 21, 2006


Vijay K. Mago (VSB No. 40531)
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, P.O. Box 2499
Richmond, VA 23218-2499
Telephone:  (804) 783-7579
Facsimile:  (804) 783-7531


Megan S. Ben'Ary (DC Bar No. 493415)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone:  (703) 684-8007
Facsimile:  (703) 684-8075

*Counsel for Ocean Duchess, Inc.*

21

CERTIFICATE OF SERVICE

I hereby certify that I transmitted a copy of the foregoing DEFENDANT OCEAN

DUCHESS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1),

12(b)(3), and 12(b)(6) and MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(3), and 12(b)(6) via electronic mail (pc@rs-

atty.com) and first class mail, postage prepaid, to Prabir Chakrabarty, RESNICK & SCHWARTZMAN,

L.L.C., One East Franklin Street, Suite 200, Baltimore, Maryland 21202, counsel for Plaintiff, on

this the 21st day of November, 2006.


_____/S/_____
Megan S. Ben'Ary