## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY L. WHITE,<br>10208 Eyelet Court<br>Clinton, Maryland 20735 | ) ) ) ) | |
| And | ) ) | |
| DONALD CHRISTIAN,<br>5407 Sasha Court<br>Williamsburg, Virginia   23188 | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.  06-1423 (RCL) |
| OCEAN DUCHESS INC.,<br>16211 Park Ten Place<br>Houston, Texas   77084 | ) ) ) ) | |
| And | ) ) | |
| UNITED STATES GOVERNMENT,<br>UNITED STATES DEPARTMENT<br>   OF TRANSPORTATION,<br>400 7th Street, S.W. - Rm. 10428<br>Washington, D.C.   20590 | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## FEDERAL DEFENDANT'S MOTION TO DISMISS

_____Federal Defendant, identified in the Complaint as the United States Government, United States Department of Transportation ("DOT"), by and through undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiffs' claims against the DOT on the grounds that the Court lacks jurisdiction over Plaintiffs' claims, venue is improper, and Plaintiffs fail to state a claim upon which relief can be granted.  In the alternative, Federal Defendant respectfully moves

the Court to transfer this matter to the United States District Court for the Eastern District of

Virginia pursuant to 28 U.S.C. § 1406.  In support of this motion, Federal Defendant respectfully

refers the Court to the accompanying Memorandum of Points and Authorities.  A proposed order

is also attached.


      Dated: January 18, 2007.     Respectfully submitted,


     /s/_____
     JEFFREY A. TAYLOR, D.C. BAR No. 498610
     United States Attorney

     /s/_____
     RUDOLPH CONTRERAS, D.C. BAR # 434122
     Assistant United States Attorney

     /s/_____
     MEGAN L. ROSE, N.C. Bar # 28639
     Assistant United States Attorney
     555 4th Street, N.W. - Civil Division
     Washington, D.C.  20530
     (202) 514-7220

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. WHITE,<br>10208 Eyelet Court<br>Clinton, Maryland 20735<br><br>And<br><br>DONALD CHRISTIAN,<br>5407 Sasha Court<br>Williamsburg, Virginia   23188<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN DUCHESS INC.,<br>16211 Park Ten Place<br>Houston, Texas   77084<br><br>And<br><br>UNITED STATES GOVERNMENT,<br>UNITED STATES DEPARTMENT<br>  OF TRANSPORTATION,<br>400 7th Street, S.W. - Rm. 10428<br>Washington, D.C.   20590<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.  06-1423 (RCL) |

## FEDERAL DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Federal Defendant, by and through the undersigned counsel, respectfully moves this

Court for dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).  In

the alternative, Federal Defendant respectfully moves the Court to transfer this matter to the

United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406.

Plaintiffs Gregory L. White and Donald Christian bring the above-captioned action against Ocean

Duchess, Inc. ("ODI") and the "United States Government, United States Department of Transportation," ("DOT"),[1] alleging that Defendants discriminated against them in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See generally Complaint ("Compl."). Additionally, Plaintiff White alleges that Defendants retaliated against him on account of "expressing his opposition to discriminatory practices of Interocean Ugland," Compl., Count II, and Plaintiff Christian alleges that Defendants discriminated against him on the basis of age, Compl., Count III. Plaintiffs also allege a separate claim of intentional infliction of emotional distress. Id. Compl., Count IV. For the reasons set forth below, this action should be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

## BACKGROUND

According to the Complaint, Plaintiff White, who resides in Maryland, and Plaintiff Christian, who resides in Virginia, were both employed by ODI from August 14, 2005 until September 13, 2005. Compl. ¶¶ 5, 6, 8. Plaintiffs, both African-Americans, had worked for maintenance management companies on the *S.S. Cape May*, a United States government-owned

---

[1] Plaintiffs' claims against Federal Defendant should also be dismissed for failure to bring the action against the proper party defendant. Under 42 U.S.C. § 2000e-16(c), the only proper defendant in a Title VII action is the head of the agency in which the alleged discriminatory acts occurred. See 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); Royal v. Bergland, 478 F.Supp. 75 (D.D.C.), appeal dismissed, 434 U.S. 883 (1977). Additionally, there has been no waiver of sovereign immunity for any claim against the United States government or the DOT. See, e.g., Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir.1984)(sovereign immunity bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government). Thus, in this case, any claims against Federal Defendant should be dismissed as a matter of law.

vessel pre-positioned in Norfolk, Virginia, since February 2000.[2]  Id. ¶¶ 13, 14, 16.

Effective July 28, 2005, the Maritime Administration ("MARAD"), DOT, awarded to ODI a contract to provide ship management services for the *S.S. Cape May*.  See Fed. Def. Exh. A, Contract; see also Compl. ¶ 15.  Under that contract for services, ODI is responsible for the management of the vessel and for providing crews to operate and work on the vessel.  See Declaration of William Cahill, Acting Director, Office of Ship Operations, MARAD ("Cahill Decl.") ¶¶ 5-6.  The contract provides, in relevant part, that although crewmembers will work on Government-owned vessels, the "employment relationship is with the Ship Manager and not the U.S. Government."  Exh. A at 54, § C.5.4.7.  Specifically, ODI is responsible for hiring, assigning work to, and supervising the crewmembers of the vessels it manages.  Cahill Decl. ¶¶ 8, 11.  ODI pays its crewmembers' wages and makes benefit and retirement payments into non-Federal union plans and funds.  Id. ¶ 10.

In addition to ODI's maintaining responsibility for the hiring of crewmembers and their day-to-day activities, "[d]ismissal for cause is a matter between Ship Manager and crewmember."  Exh. A at 54, § C.5.4.7; see also Cahill Decl. ¶ 9.  The contract further provides that "[a]ll liability for third party actions which do not lie in admiralty shall be the sole responsibility of the Ship Manager, not the United States, its agents, servants, and employees, nor the vessels owned by the United States."  Exh. A at 84, § G.7.3.1.  One example of such liability includes "allegations of discrimination, including . . . claims arising under Title VII of the Civil Rights Act, as amended (42 U.S.C. sections 2000e et seq.), the Age Discrimination in

---

[2]  Apparently, prior to August 14, 2005, Plaintiffs were employed by Interocean Ugland. Compl. ¶ 27.

Employment Act, as amended (29 U.S.C. sections 621 et seq.), and the Americans with

Disabilities Act, as amended, (42 U.S.C. sections 12117 et seq.)." Id. at 84, § G.7.3.1(a)(i).

On September 13, 2005, ODI terminated Plaintiffs' employment, citing a sixty-day

probationary period for maintenance crew. Compl. ¶¶ 15, 16, 18, 19. Although not entirely

clear, Plaintiffs apparently filed with the EEOC some sort of a discrimination complaint against

ODI. See Pl. Opp., Exh. C, D. On October 13, 2006, Plaintiffs filed this civil action against both

ODI and the United States Government, United States Department of Transportation. See

generally Compl.

On November 21, 2006, Defendant ODI moved to dismiss the complaint pursuant to Fed.

R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). Document No. 5. On December 11, 2006, Plaintiffs

opposed that motion, and on December 15, 2006, Defendant ODI replied. Document Nos. 11,

14. Accordingly, Federal Defendant now submits this motion to dismiss any claims against it.

**STANDARD OF REVIEW**

Defendant moves for dismissal under Rule 12(b)(1) as the Court lacks jurisdiction over

Plaintiff's claims, 12(b)(3) as venue is improper, and Rule 12(b)(6) as Petitioner fails to state any

claim upon which relief can be granted.

A motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's

claim . . . and therefore imposes upon courts an affirmative obligation to ensure that they are

acting within the scope of their jurisdictional power." 5A Wright & Miller, *Federal Practice &*

*Procedure* 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F.

Supp. 428, 431 (D.D.C. 1987). When a court reviews a complaint under factual attack for lack

of jurisdiction, no presumption of truthfulness applies to the factual allegations. Ohio Nat'l Life

4

Ins. Co. v. United States, 922 F.2d 320 (6th Cir.1990).  The burden of establishing jurisdiction

rests on the plaintiff.  Zhengxing v. Nathanson, 215 F. Supp. 2d 114, 116 (D.D.C. 2002)

(citations omitted);  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000);

see also Meir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266 (6th Cir.1990).

     While the court must draw all reasonable inferences in the plaintiffs' favor, "[t]he court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd,

346 F.3d 192 (D.C. Cir. 2004), cert. denied, 125 S. Ct. 35 (2004).  In addition, in deciding a

motion under Rule 12(b)(1), the Court may go beyond the complaint's allegations.  Id. (citing

Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)).  "When facts that form

the basis of subject-matter jurisdiction are in controversy, a district court has authority to weigh

the conflicting evidence to determine if subject-matter jurisdiction exists."  Capone-Ferdinand v.

Central Intelligence Agency, 131 F. Supp. 2d 232, 235 (D.D.C. 2001); see also Rann, 154 F.

Supp.2d at 64.

     Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if

it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling

him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air

Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  As under Rule 12(b)(1), while the plaintiff is

given the benefit of all inferences that reasonably can be derived from the facts alleged in the

complaint, the court need not accept inferences that are not supported by such facts, nor must the

court accept plaintiff's legal conclusions cast in the form of factual allegations.  Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

Plaintiffs' Complaint against the United States Government, United States Department of Transportation should be dismissed for lack of subject matter jurisdiction because the waiver of sovereign immunity in Title VII for civil actions alleging discrimination in federal government employment does not extend to employees of government contractors like Plaintiffs; instead it reaches only those individuals who are directly employed by the federal government. Because this motion presents evidence challenging the jurisdictional basis of the case, the Court is not required to presume the truth of the factual allegations in the complaint, but is instead required to weigh the evidence in the record to make the factual findings necessary to resolve the jurisdictional issue. Because the facts here show that Plaintiffs were not federal employees, all claims against Federal Defendant should be dismissed.

Moreover, even had Plaintiffs been federal employees, Plaintiffs' claims against Federal Defendant should be dismissed because Plaintiffs failed to exhaust timely and properly their administrative remedies concerning any such claims. Plaintiffs further fail to state any claim upon which relief could be granted.

Finally, Plaintiffs' claims should be dismissed for improper venue, or in the alternative, transferred to the Eastern District of Virginia.

## I.    Plaintiffs Were Not Federal Employees Within The Meaning Of Title VII.

The United States, as sovereign, is immune from suit absent consent. United States v. Sherwood, 312 U.S. 574, 586-7 (1941); United States. v. Clarke, 33 U.S. (8 Pet.) 436 (1834)("As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of Congress, or the court cannot exercise jurisdiction

6

over it"). The United States has waived its sovereign immunity concerning claims of

discrimination, if at all, under 42 U.S.C. § 2000e-16, "Employment by the Federal Government".

Section 2000e-16(a) provides in pertinent part:

> All personnel actions affecting employees or applicants for employment . . . in
> executive agencies as defined in section 105 of Title 5 . . . shall be made free from
> any discrimination based on race, color, religion, sex, or national origin.

The Supreme Court has held that Section 2000e-16 "provides the exclusive judicial

remedy for claims of discrimination in federal employment." Brown v. General Services

Administration, 425 U.S. 820, 835 (1976). In exposing the federal government to suit under Title

VII, 42 U.S.C. § 2000e-16, Congress limited its waiver of sovereign immunity to those suits

brought by federal employees. See Spirides v. Reinhardt, 613 F.2d 826, 839 (D.C. Cir. 1979);

Mares v. Marsh, 777 F.2d 1066, 1068 (5th Cir. 1985); King v. Dalton, 895 F. Supp. 831, 836

(E.D. Va. 1995). Although the text of Title VII does not establish who are to be considered

federal employees, see, 42 U.S.C. § 2000e(f) (stating simply that "'employee' means an

individual employed by an employer"), the Supreme Court has held that "Congress intended to

describe the conventional master-servant relationship as understood by common-law agency

doctrine." Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-23 (1992).

The D.C. Circuit has grappled with this common-law employment doctrine in the context

of federal agencies in several cases and the controlling cases remain Spirides v. Reinhardt, 613

F.2d 826, 831 (D.C. Cir. 1979), and Redd v. Summers, 232 F.3d 933 (D.C. Cir. 2000). In

Spirides, this Circuit held that only those individuals "in a direct employment relationship with a

government employer" may maintain a suit against the government pursuant to Title VII. 613

F.2d at 829. The most important factor is "the extent of the employer's right to control the

7

means and manner of the worker's performance." Id. at 831. Applying this test, the Court listed

eleven factors that should be considered:

1. the kind of occupation, with reference to whether the work is usually done under the direction of a supervisor, or is done by a specialist without supervision;
2. the skill required by the particular occupation;
3. whether the "employer" or the individual in question furnishes the equipment used and the place of work;
4. the length of time during which the individual has worked;
5. the method of payment, whether by time or by the job;
6. the manner in which the work relationship is terminated i.e. by one or both parties, with or without notice and explanation;
7. whether annual leave is afforded;
8. whether the work is an integral part of the business of the "employer";
9. whether the worker accumulates retirement benefits;
10. whether the "employer" pays social security taxes; and
11. the intention of the parties.

Spirides, 613 F.2d at 832; See also Wilde v. County of Kandiyohi,15 F.3d 103, 105 (8th Cir.

1994)(courts examine "the totality of the working relationship" to determine whether an

individual is a federal employee for Title VII purposes). To facilitate this analysis, the D.C.

Circuit in Redd grouped these factors into four categories:

I. the intent of the parties (Spirides factor eleven),
II. whether using government contractors is justifiable as a prudent business decision (Spirides factors one, two, and eight),
III. the client's control over the work (Spirides factors three and six), and
IV. whether the relationship has attributes commonly found in arrangements with independent contractors or employees (Spirides factors four, five, seven, nine, and ten).

Redd, 232 F. 3d at 938; see also Mason v. African Dev. Found., 355 F. Supp. 2d 85, 90 (D.D.C.

2004).

In using these four categorized factors to determine whether an individual is a federal

employee for Title VII purposes, the D.C. Circuit has confirmed that the primary consideration is

8

control over the means and manner of the worker's performance.  See Redd, 232 F.3d at 939;

Bryant v. Orkand Corp., 407 F.Supp.2d 29, 33 (D.D.C. 2005)(granting the State Department's

motion to dismiss, district court found that even though the agency retained control over the

companies with whom it contracted, it did not control those companies' employees).  An

employer controls the means and manner of an employee's performance if that employer can

control and direct not only the result to be achieved, but also the details by which that result is

achieved.  Redd, 232 F.3d at 938.

In this case, the facts do not support a conclusion that Plaintiffs were employees of the

DOT.  The Complaint itself alleges that "Plaintiffs at all relevant times were employed by Ocean

Duchess."  Compl. ¶ 8.  The facts do not establish that the parties intended Plaintiffs to be

employees of the DOT.  Plaintiffs do not allege that there was any employment contract between

the DOT and Plaintiffs.  See Compl.  Indeed, the contract between Ocean Duchess, Inc. and the

DOT explicitly states that although crewmembers work on Government-owned vessels, the

"employment relationship is with the Ship Manager and not the U.S. Government."  Exh. A at

54, § C.5.4.7.  Therefore, the DOT clearly did not intend to create an employer-employee

relationship with Plaintiffs.  Id.

Importantly, Plaintiffs have not alleged that the DOT maintained any control over the

means and manner of Plaintiffs' performance.  See Redd, 232 F.3d at 939; see also Compl.  In a

"typical" client-contractor relationship, it is normal for the client to review the work performed

by the contractor to determine whether it meets its expectations.  Brug v. National Coalition for

the Homeless, 45 F. Supp. 2d 33, 38 (D.D.C. 1999).  The United States owns the S.S. Cape May,

which carries out governmental functions and follows general government instructions.  Yet in

the instant action, decisions concerning the hiring, firing, control of work assignments, daily activities and payment of wages of the crewmembers assigned to the S.S. Cape May are all within the control of and exercised by the contract operator, ODI. See Exh. A, Contract; see also Cahill Decl. ¶¶ 5-6, 8, 10, 11. The United States does not control the means and manner of the crewmembers' performance. Id.

Specifically, neither MARAD, the DOT, nor the United States were involved in hiring Plaintiffs Gregory L. White and Donald Christian. Cahill Decl. ¶ 8. Neither MARAD, the DOT, nor the United States maintain any employment records for Plaintiffs. The federal government did not pay Plaintiffs' wages, did not pay Social Security taxes for them, did not make payments on their behalf into any retirement plan, federal employee or otherwise, and did not directly pay any benefits to Plaintiffs. Instead, ODI pays its crewmembers' wages and makes benefit and retirement payments into non-Federal union plans and funds. Id. ¶ 10. Moreover, MARAD, the DOT and the United States had no control over the assignment or supervision of work performed by Plaintiffs. Id. ¶ 11. As explicitly stated in the contract for services, dismissal of crewmembers for cause is a matter between the Ship Manager (ODI) and the crewmembers. Exh. A at C.5.4.7. MARAD, the DOT and the United States had no involvement whatsoever in ODI's decision to dismiss Plaintiffs. Cahill Decl. ¶ 9.

Consequently, regardless of the fact that Plaintiffs were assigned to work on the S.S. Cape May, a United States government-owned vessel, it is not disputed that ODI was in all respects the direct "employer" of Plaintiffs. Compl. ¶¶ 8, 22. Therefore, because Plaintiffs were not federal employees within the meaning of Title VII, all claims against Federal Defendant should be dismissed.

10

**II.    Plaintiffs Failed To Exhaust Properly or Timely Their Administrative Remedies.**

Even had Plaintiffs in this case been federal employees, Plaintiffs failed to exhaust timely and properly their administrative remedies concerning any claims against Federal Defendant.  It is well established that a federal employee may file a civil action only after exhausting his or her administrative remedies before the concerned federal agency.  42 U.S.C. § 2000e-16(c).  Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity).

The EEOC's regulations provide that "aggrieved" employees or applicants for employment who allege they have been discriminated against must first consult an agency EEO counselor before filing a complaint of discrimination and must do so within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1); see also Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Bowden v. United States, 106 F.3d 433, 437-38 (D.C. Cir. 1997)(a plaintiff will run afoul of exhaustion requirements if he or she fails to bring a complaint to the attention of an EEO counselor within the time limits prescribed by 29 C.F.R. § 1613.105(a)(1), i.e., within 45 days of the alleged discriminatory action); Smith v. Dalton, 971 F. Supp. 1, 4 (D.D.C. 1997).  If the matter is not resolved through informal counseling, the aggrieved employee must, within 15 days, file a written complaint with the agency that allegedly

11

discriminated against him. 29 C.F.R. § 1614.106(a)-(c). The agency must investigate the matter within 180 days or reject the complaint and issue a final dismissal. Id. at § 1614.106(d)(2). At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency. Id. at § 1614.108(f). If the employee chooses the former, the EEOC administrative judge will conduct a hearing and make factual and legal findings, which will be transmitted to the agency as a recommended decision. The agency then issues a final decision. Id. at §§ 1614.109(g) and 1614.110.

A complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. If the complainant appeals to the EEOC, he must file a civil action within 90 days of receiving the EEOC's decision. 29 C.F.R. § 1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). A complainant also may file a civil action at any time after his complaint has been pending before the agency or the EEOC for at least 180 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Compliance with these procedures and timeliness is mandatory. "Complainants *must* timely exhaust these administrative remedies before bringing their claims to court." Bowden, 106 F.3d at 437; Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"); Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S.

12

915 (1998).  As the U.S. Supreme Court reiterated in <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 108 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (<u>quoting</u> <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980)).  Accordingly, the U.S. Supreme Court has explicitly required that all discrete discriminatory and retaliatory acts be fully exhausted as a prerequisite to suit.  <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. at 108.

In this case, ODI terminated Plaintiffs' employment on September 13, 2005, citing a sixty-day probationary period for maintenance crew.  Compl. ¶¶ 15, 16, 18, 19.  Although not entirely clear, Plaintiffs apparently filed with the EEOC some sort of a discrimination complaint against ODI.  <u>See</u> Pl. Opp., Exh. C, D.  Plaintiffs do not allege that they ever filed an administrative complaint against the DOT.  Compl.  Plaintiff White never filed an administrative claim of retaliation, and Plaintiff Christian never filed an administrative complaint concerning age discrimination.  Instead, on October 13, 2006, Plaintiffs filed this civil action against both ODI and the United States Government, United States Department of Transportation. <u>Id.</u>

Plaintiffs' failure to bring the matter to the attention of an agency EEO counselor within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action," 29 C.F.R. § 1614.105(a)(1), and Plaintiffs' failure to file a formal written complaint with the agency that allegedly discriminated against them, 29 C.F.R. § 1614.106(a)-(c), bars Plaintiffs' claims against Federal Defendant in this action.  Regardless of what procedures Plaintiffs may have followed against Ocean Duchess, they did not follow the statutory and regulatory requirements necessary for filing a discrimination lawsuit, and the entire Complaint should be dismissed.

III.   **Venue is Improper in the District of Columbia.**

Title VII has a special venue provision which specifies four possibilities for venue:

Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added).  Thus, the statute defines three primary possible venues for a Title VII case.  The fourth basis, typically the agency headquarters office, is used for venue only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002).  Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically impute venue wherever that principal office is located.  See Robinson v. Potter, No. 04-890 (RMU), 2005 WL 1151429, 2005 U.S. Dist. LEXIS 9491 (D.D.C. May 2, 2005).

Here, venue is not proper in the District of Columbia, and this action should be dismissed, or, in the alternative, transferred to the Eastern District of Virginia.  First, the allegedly unlawful employment practices occurred in Norfolk, Virginia.  See Compl. ¶¶ 7, 22, 30, 33.  It is undisputed that Plaintiffs' were assigned to work on the S.S. Cape May, a United States government-owned vessel pre-positioned in Norfolk, Virginia, since February 2000.  Id. ¶¶ 13, 14, 16.  Second, since Plaintiffs were not employees of the DOT, the agency possesses no official records relating to their employment.  See Cahill Decl. ¶ 10.  It is not clear where the relevant employment records are kept, but Defendant Ocean Duchess asserts that "all employment records

14

relevant to the alleged discrimination are maintained and administered in Norfolk, Virginia and Houston, Texas." Def. Motion To Dismiss at 18.   Third, the alleged discrimination had no effect on the location of Plaintiffs' employment.  There is no allegation that Plaintiffs would have worked in the District of Columbia but for the alleged discrimination.  Finally, both Federal Defendant and Defendant Ocean Duchess may be found in the Eastern District of Virginia, in Norfolk, so the fourth basis for venue under Title VII's special venue provision also indicates that venue is improper in D.C.

Because Plaintiffs filed this action in an improper venue, the Court should dismiss their claims, or in the alternative, transfer this case to the Eastern District of Virginia, where Plaintiffs worked and where the alleged unlawful discriminatory acts occurred.

## IV.    Plaintiffs Fail To State Any Claim Against A Federal Defendant Upon Which Relief Could Be Granted.

In addition to the fact that neither Plaintiff was a federal employee within the meaning of Title VII, and neither Plaintiff exhausted his administrative remedies as to any claim against Federal Defendant, Plaintiffs altogether fail to state a claim against any federal defendant upon which relief could be granted.

### A.    Plaintiff White Fails To State A Claim Of Retaliation Under Title VII.

Under Title VII, an employer is prohibited from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this title, or because he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3.  The prohibition against reprisal is limited to matters within the scope of the statutes and is not a prohibition

against reprisal in general.  See 42 U.S.C. §2000e-3(a).

In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action.  Holbrook v. Reno, 196 F.3d 255, 263 (D.C. Cir. 1999); Paquin v. Federal National Mortgage Association, 119 F.3d 23, 31 (D.C. Cir. 1997);  Passer v. American Chem. Soc'y, 935 F.3d 322, 331 (D.C. Cir. 1991); Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985);  McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984).  As part of the causation element, Plaintiff must show that "but for" the protected activity, the alleged adverse action would not have occurred. Gregg v. Hay-Adams Hotel, 942 F.Supp. 1, 8 (D.D.C. 1996)("To demonstrate causation, the plaintiff must show that the adverse action would not have occurred 'but for' [the protected activity].").

Here, the Complaint fails to allege any claim of retaliation on the part of a federal defendant.  By his own admission, "*Defendant Ocean Duchess terminated Plaintiff White's employment* in direct retaliation for expressing his opposition to discriminatory practices of Interocean Ugland," apparently Plaintiff's former employer.  Compl. ¶ 30 (emphasis added). Plaintiff White does not allege that the DOT terminated his employment.  He cannot establish any connection between the DOT and his termination or between his termination and any purported EEO activity.  Even taking all of Plaintiff's allegations as true, Plaintiff White fails to state a claim of retaliation under Title VII, and that claim should be dismissed.

B.    **Plaintiff Christian Fails To State A Claim Of Age Discrimination.**

To establish a prima facie case of age discrimination under the ADEA, a plaintiff "must demonstrate facts sufficient to create a reasonable inference that age discrimination was a

'determining factor' in the employment decision." See Hayman v. National Academy of Sciences, 23 F.3d 535, 537 (D.C. Cir. 1994), citing Cuddy, 694 F.2d at 856-57.  A plaintiff can create such an inference by showing that: (1) he is a member of the statutorily protected age group (over age forty); (2) he was subjected to an adverse employment action (such as non-promotion); and (3) there exists some causal connection between the adverse action and plaintiff's age.  See Desert Palace, Inc. v. Costa, 123 S. Ct. 2148 (2003); Stella v. Mineta, 284 F.3d 135, 144-46 (D.C. Cir. 2002) (although plaintiffs need not show that a person from outside of their protected class was favored, some evidence is required of a connection between the plaintiffs' status and the allegedly discriminatory action).

In this action, as discussed above, Plaintiff Christian failed to properly exhaust any claim for age discrimination.  Yet even had he properly raised the allegations at the administrative level, his claims nonetheless fail.  Plaintiffs' Complaint alleges no facts sufficient to state a claim of age discrimination against the DOT.  Indeed, the Complaint does not even state Plaintiff Christian's age.  See Compl.  And perhaps most importantly, like Plaintiff White, Plaintiff Christian fails to allege any connection between the DOT and his termination.  Therefore, the Complaint fails to allege the most fundamental factual allegations necessary to state a claim upon which relief could be granted.

## C.    Count IV of the Complaint Is Purely Derivative and Fails to State a Claim.

Count IV in Plaintiffs' Complaint purports to present a claim for emotional distress. First, the ADEA does not authorize or provide a waiver of sovereign immunity for compensatory damages, of which damages for emotional distress would be one example.  See Docket Entry No. 30 (May 10, 2002 Order); see also Smith v. OPM, 778 F.2d 258 (5th Cir. 1985), cert. denied, 476

U.S. 1105 (1986); <u>Pfeiffer v. Essex Wire Corp.</u>, 682 F.2d 684 (7th Cir.), <u>cert. denied</u>, 459 U.S. 1039 (1982). Therefore, any claims brought under the ADEA fail to state a claim for emotional distress. Likewise, although Title VII allows for recovery of compensatory damages (up to certain limits set by statute) and reasonable attorney's fees for prevailing parties, Plaintiffs here cannot prevail for all of the reasons discussed above. In other words, because the Court lacks jurisdiction over Plaintiffs' claims, and because Plaintiffs have failed to exhaust properly their claims and have otherwise failed to state any valid claims under Title VII or the ADEA, Plaintiffs' claims for emotional distress in Count IV of the Complaint should also be dismissed. <u>See</u> Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction and should dismiss Plaintiffs' claims against Federal Defendant. In the alternative, the Court could transfer the case to the Eastern District of Virginia. Regardless, Plaintiffs fail to state a claim against Federal Defendant upon which relief could be granted, and all of their claims should be dismissed.[3]

Dated: January 18, 2007.        Respectfully submitted,


                                                /s/
                                                JEFFREY A. TAYLOR, D.C. BAR No. 498610
                                                United States Attorney


                                                /s/
                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Assistant United States Attorney

---

[3] Federal Defendant additionally notes that although Defendant ODI had requested an oral hearing in this case, Federal Defendant believes that its Motion To Dismiss can be decided on the papers alone.

18

/s/
_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

19

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff via the Court's

electronic filing system, addressed to:

> PRABIR CHAKRABARTY, ESQUIRE
> Resnick & Schwartzman, L.L.C.
> One East Franklin Streetity
> Baltimore, Maryland   21202

on this  _18th_   day of January, 2007.

_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530

20