IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. WHITE, ) | |
| & ) | |
| DONALD CHRISTIAN ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:06-cv-01423-RCL |
| OCEAN DUCHESS, INC. ) | |
| & ) | |
| UNITED STATES GOV'T ) | |
| DEP'T OF TRANSPORTATION ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
FEDERAL DEFENDANT'S MOTION TO DISMISS**

Gregory L. White and Donald Christian, Plaintiffs, by their attorneys, Robert M. Schwartzman, Esquire and Prabir Chakrabarty, Esquire, and Resnick & Schwartzman, L.L.C., submit this Memorandum in Opposition to Federal Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).

**I.     INTRODUCTION AND STATEMENT OF FACTS**

On or about August 14, 2005 the Defendant, Ocean Duchess, Inc. ("Defendant ODI") was awarded a contract by the United States Department of Transportation Maritime Administration ("MARAD" or "Federal Defendant") to operate two sistership, the S.S. Cape May and the S.S. Cape Mohican. Both African-American Plaintiffs, Gregory L. White and Donald Christian, had been model crewmembers on the S.S. Cape May since December 2000

and October 1995, respectively, until the date of their wrongful terminations on September 13, 2005. More specifically, during this lengthy period of employment, neither Plaintiff received a negative review or reprimand. In fact, Plaintiff White received "Very Good" and "Excellent" ratings on several of his performance reports and evaluations, while Plaintiff White received primarily "Very Good" ratings on his reviews. **See the Unlicensed Crew Member Evaluation/Performance Reports attached hereto as Exhibit A and Exhibit B**, **respectively**. Yet, solely upon the recommendation of ODI's Chief Mate, both Plaintiffs were discharged on September 13, 2005 on the basis of race and age. Subsequently, the Defendants have replaced both Plaintiffs' employment positions with younger Caucasian crewmembers.

Procedurally, Defendant ODI submitted its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3) & 12(b)(6). In response, Plaintiffs filed their Motion in Opposition to the Defendant's Motion, along with a memorandum of law in support thereof. Cognizant of Plaintiffs' reply, Federal Defendant now also seeks dismissal based on grounds similar to that proffered by Defendant ODI. Thus, the instant Memorandum in Opposition to Federal Defendant's Motion should serve to supplement Plaintiffs' previously-stated arguments against dismissal in this case.

## II.     APPLICABLE LAW

A Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) must be denied if the Plaintiffs can show that the facts support their claims entitling them to relief. *See* Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D. Va. 1993). In order to evaluate such a motion, the Court may consider evidence beyond the allegations stated in the complaint. *See* Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Furthermore, both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) require the Court to accept the facts alleged in the

Complaint as true and construe all reasonable inferences therefrom in favor of the plaintiff. Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2004), *cert. denied*, 125 S. Ct. 35 (2004); *see also* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Additionally, the Court has delineated grounds for dismissal of a Complaint, including when the Plaintiffs have 'failed to allege any set of facts upon which relief can be granted.' *See* Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D. Va. 1993). In this instance, both Plaintiffs have provided detailed affidavits which allege specific factual instances of racial and/or age discrimination on the part of an employee or agent of the Defendants. **See Affidavit of Gregory L. White and Affidavit of Donald Christian, attached hereto as Exhibit C and Exhibit D, respectively**. Thus, as a matter of law, Federal Defendant's Motion to Dismiss Pursuant should be denied.

### III.  ARGUMENT

Dismissal is inappropriate in this instance. First, further discovery is required in order to establish whether Plaintiffs were employees of the Department of Transportation's ("DOT"). Second, the Plaintiffs' Complaint stated valid claims of discrimination based on several facts indicative of the Defendants' discriminatory conduct. Third, pursuant to 42 U.S.C. Section 2000e-5(f)(3) and general venue transfer statutes, venue is proper in multiple jurisdictions, including the District of Columbia or the State of Maryland. Consequently, this Court should deny Federal Defendant's Motion to Dismiss.

> **A.  Further Discovery is Required in Order to Determine Whether Plaintiffs Qualify as "Employees" for the Department of Transportation, and Therefore, Federal Defendant's Motion to Dismiss would be Improper.**

The crux of Federal Defendant's argument for dismissal rests on the doctrine of

sovereign immunity.  Federal Defendant has correctly stated that "[t]he United States, as sovereign, is immune from suit absent consent."  United States v. Sherwood, 312 U.S. 574, 586-87 (1941).  Further, opposing counsel has noted that the United States has waived its sovereign immunity with regard to discrimination claims under 42 U.S.C. § 2000e-16 and Supreme Court precedence related thereto.  **See Federal Defendant's Motion to Dismiss, ¶ I, pg. 7**.  Federal Defendant, however fails to acknowledge that the facts currently available to Plaintiffs do not permit an accurate assessment of the government's relationship to ODI.

Plaintiffs contend that through the course of further discovery documentation and depositions may establish that Federal Defendants did have partial, if not complete, control over the means and manner of performance of ODI's workers.  For example, Plaintiffs may be able show that ODI was obligated by Federal Defendants to strictly comply with federal employment guidelines, as well as federally-mandated regulations, in order to procure profitable MARAD contracts.  ODI has provided, and Federal Defendants have confirmed, that two such contracts were awarded to ODI for sisterships S.S. Cape May and S.S. Cape Mohican.  Although Plaintiffs are aware of said agreements, Plaintiffs have yet to determine the manner in which these contracts were awarded and the possible employment stipulations attached thereto.  Through further discovery, it is likely that Plaintiffs will uncover the exact nature of the two Defendants connection, including the number of contracts Federal Defendants have specifically awarded ODI, the extent to which ODI is obligated to adhere to any federal employment guidelines, and the amount of performance control conferred upon Federal Defendants.  In fact, Federal Defendant concedes that if such control is established then sovereign immunity would be inapplicable in this instance.  For this reason, granting Federal Defendant's Motion to Dismiss and thus, prematurely foreclosing discovery, would be improper.

**B.     The Facts Alleged by the Plaintiffs Suggest a Pattern of Racial Discrimination on the Part of the Defendants Sufficient Enough to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), and Therefore, the Defendant's Motion to Dismiss Should be Denied.**

In filing for dismissal under Fed. R. Civ. P. 12(b)(6), Federal Defendants aver that Plaintiff White and Plaintiff Christian failed to state a claim for retaliation and age discrimination, respectively. The above-referenced statute merely requires that a plaintiff plead facts sufficient enough to provide the defendant fair notice of the grounds on which the claims are based. Conley v. Gibson, 355 U.S. 41, 47 (1957). Here, the Plaintiffs' Complaint and EEOC discrimination filings have given the both Defendants adequate notice of the grounds for this action.

Moreover, Defendant ODI in its Motion to Dismiss made reference to Taylor v. Small, asserting that is stands for the proposition that in order to state a valid claim for retaliation: (1) Plaintiff White must have been in engaged in a protected activity; (2) that ODI took adverse action against him; and (3) that a causal connection existed between the protected activity and the adverse action. 358 U.S. App. D.C. 439, 350 F.3d 1286, 1292 (D.C. Cir. 2003). In its Motion in Opposition, Plaintiffs have made clear its objection to Defendant ODI's application of this standard.

Again, Plaintiffs assert that in Johnson v. Chase Home Fin. the Court granted an employer's motion to dismiss an employee's claim for retaliation in violation of Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA") only when it was made clear that the employee made no reference to such claims in her informal or formal charges to the EEOC. 309 F.Supp.2d 667 (ED Pa., 2004). Here, both Plaintiffs indicated that racial slurs were used by an agent of the Defendants and that on at least one occasion, that same

individual has spoken derogatorily to the two African-American Plaintiffs and even threatened to falsify Plaintiff Christian's last drug test.  *See* Complaint, ¶ 17-18; Exhibit C and Exhibit D.

Moreover, to satisfy the causal link requirement, the plaintiff need only prove that the protected activity and the negative employment action were not completely unrelated.  Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997).  Here, despite their openly discriminatory conduct toward the Plaintiffs, both the Chief Engineer and the Chief Mate were consulted by ODI during the probationary period and their statements were certainly instrumental in having the Plaintiffs discharged.  Thus, the Plaintiffs have delineated sufficient facts in their Complaint and EEOC correspondences to state a valid claim against the Defendants.  And, whether Federal Defendant condoned this conduct or not, their connection to and relationship with ODI makes them equally at fault.

With regard to the ADEA, a *prima facie* case of age discrimination is made if the plaintiff states facts that lead to a reasonable inference that age was a 'determining factor' in discharging the Plaintiff.  Reid v. Jennifer, 1990 U.S. Dist. LEXIS 8808, *16 (D.D.C. 1990).  Such an inference arises if the plaintiff alleges that: (a) he belongs to the statutorily-protected group of individuals over the age of forty; (b) he was qualified for the position in question; (c) he was the target of an adverse employment decision despite being sufficiently qualified; and (d) the position at issue remained open or was subsequently filled by a younger employee.  Id.  In this instance, Plaintiff Christian was over the age of fifty at the time of the incident, placing him soundly within the protected group, and he had been serving as said vessel's electrician for over five years at the time of his wrongful termination, making him exceptionally qualified for the position at issue.  And most significantly, the Defendants subsequently hired a younger white male to replace Plaintiff Christian.  Apparently, age was a 'determining factor' in ODI's decision

to discharge Plaintiff Christian, and hence, the Defendant's Motion to Dismiss should be summarily denied.

    **C.    Pursuant to 42 U.S.C. Section 2000e-5(f)(3) and General Venue Transfer Statutes, Venue is Proper in Multiple Jurisdictions, Including the District of Columbia or the State of Maryland, and Thus Transferring the Instant Case to the Eastern District of Norfolk, Virginia Would be Improper.**

Lastly, Federal Defendant seek dismissal based on the ground of improper venue. This issue can not properly be determined without further discovery to resolve whether Plaintiffs were employees of the DOT. If it can be shown that ODI, and accordingly Plaintiffs, were under the control of the DOT, then Federal Defendant could not meritoriously challenge venue as it admittedly performs significant business in and around the District of Columbia.

Moreover, Federal Defendant has failed to address the applicability and effect of general venue transfer statues. 42 U.S.C. § 2000r-5(f)(3). In fact, Title VII actions are subject to transfer under such statutes, even for reasons of mere convenience. *See* 28 U.S.C. § 1404; <u>Lewis v. Madison County Bd. of Education</u>, 678 F.Supp. 1550, 1551-52 (M.D. Ala., 1988)(noting that Congress intended to place venue provisions of Title VII within the purview of the transfer clause of 28 U.S.C. § 1404). Here, MARAD and the DOT are located in the District of Columbia. Furthermore, it would certainly be inconvenient for Plaintiff White and his counsel, both Maryland residents, to have to travel to Norfolk, Virginia on a regular basis. As such, Federal Defendant's Motion to Dismiss for lack of venue does not satisfy the necessary burden, which permits this case to be heard in either Maryland or the District of Columbia.

WHEREFORE, Plaintiffs moves this Honorable Court to deny Federal Defendant's Motion to Dismiss, and grant any other relief the Court deems proper.

      Respectfully Submitted,

      Resnick & Schwartzman, L.L.C.


      _____

      Robert M. Schwartzman, Esquire
      Prabir Chakrabarty, Esquire
      One East Franklin Street
      Baltimore, Maryland 21201

      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of February, 2007, a copy of the foregoing Motion in Opposition to Federal Defendant's Motion to Dismiss and Memorandum in Opposition to Federal Defendant's Motion was mailed first-class, postage prepaid, to:

Jeffery A. Taylor (DC Bar No. 498610)  
United States Attorney  
555 4th Street, N.W. - Civil Division  
Washington, D.C. 20530

Rudolph Contreras (DC Bar No. 434122)  
Assistant United States Attorney  
555 4th Street, N.W. - Civil Division  
Washington, D.C. 20530

Megan L. Rose (NC Bar No. 28639)  
Assistant United States Attorney  
555 4th Street, N.W. - Civil Division  
Washington, D.C. 20530

Vijay K. Mago (VSB No. 40531)  
LECLAIR RYAN, A Professional Corp.  
Riverfront Plaza, East Tower  
951 East Byrd Street, P.O. Box 2499  
Richmond, VA 23218-2499

Megan S. Ben'Ary (DC Bar No. 493415)  
LECLAIR RYAN, A Professional Corp.  
225 Reinekers Lane, Suite 700  
Alexandria, Virginia 22314

Attorneys for Defendants

_____  
Robert M. Schwartzman, Esquire