UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. WHITE,<br>10208 Eyelet Court<br>Clinton, Maryland 20735<br><br>And<br><br>DONALD CHRISTIAN,<br>5407 Sasha Court<br>Williamsburg, Virginia  23188<br><br>                Plaintiffs,<br><br>   v.<br><br>OCEAN DUCHESS INC.,<br>16211 Park Ten Place<br>Houston, Texas  77084<br><br>And<br><br>UNITED STATES GOVERNMENT,<br>UNITED STATES DEPARTMENT<br>  OF TRANSPORTATION,<br>400 7th Street, S.W. - Rm. 10428<br>Washington, D.C.  20590<br><br>                Defendants. | Civil Action No.  06-1423 (RCL) |

**FEDERAL DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

      Federal Defendant, identified in the Complaint as "the United States Government, United States Department of Transportation" ("DOT"),[1] respectfully submits this Reply in support of

---

[1] As noted in Defendant's Motion To Dismiss, Plaintiffs' claims against Federal Defendant should be dismissed for, among other things, failure to bring the action against the proper party defendant.  Under 42 U.S.C. § 2000e-16(c), the only proper defendant in a Title VII action is the head of the agency in which the alleged discriminatory acts occurred.  See 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); Royal v. Bergland, 478 F.Supp. 75 (D.D.C.), appeal dismissed, 434 U.S. 883 (1977).  Additionally, there has been no waiver of sovereign immunity for any claim against the United States government or

Federal Defendant's Motion To Dismiss.

## INTRODUCTION

Plaintiffs Gregory L. White and Donald Christian brought the above-captioned action against Ocean Duchess, Inc. ("ODI") and the DOT, alleging that Defendants discriminated against them in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See generally Complaint ("Compl."), Document No. 1. Additionally, Plaintiff White alleged that Defendants retaliated against him on account of "expressing his opposition to discriminatory practices of Interocean Ugland," Compl., Count II, and Plaintiff Christian alleged that Defendants discriminated against him on the basis of age, Compl., Count III. Plaintiffs also alleged a separate claim of intentional infliction of emotional distress. Id. Compl., Count IV.

On January 18, 2007, Federal Defendant moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. See Document No. 18. Plaintiffs have now responded to this motion. See Document Nos. 21, 22. However, nothing in Plaintiffs' response remedies the defects in their claims against Federal Defendant. Accordingly, for the reasons set forth below and in its Motion To Dismiss, Federal Defendant respectfully requests that Plaintiffs' claims against it be dismissed.

## ARGUMENT

Plaintiffs' complaint fails to articulate any cognizable claim against Federal Defendant. Nothing in Plaintiffs' opposition refutes their failure to exhaust timely and properly their

---

the DOT. See, e.g., Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir.1984)(sovereign immunity bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government). Thus, in this case, any claims against Federal Defendant should be dismissed as a matter of law.

administrative remedies as to Federal Defendant. Indeed, Plaintiffs' obvious failure to exhaust their administrative remedies serves to highlight that Plaintiffs themselves did not believe that they were federal employees within the meaning of Title VII. Plaintiffs' alleged obstacles in pursuing claims against ODI are irrelevant to Federal Defendant's present motion. The Court lacks subject matter jurisdiction over Plaintiffs' claims against the DOT and should grant Federal Defendant's Motion To Dismiss.

In the alternative, Plaintiffs' claims should be dismissed for improper venue, or the Court could transfer the case to the Eastern District of Virginia. Regardless, Plaintiffs fail to state a claim against Federal Defendant upon which relief could be granted, and all of their claims should be dismissed.

**I.     Plaintiffs' Opposition Concedes That They Failed To Exhaust Timely Or Properly Their Administrative Remedies As To Any Claim Against Federal Defendant.**

As an initial matter, Plaintiffs' Opposition altogether concedes that Plaintiffs failed to exhaust their administrative remedies as to any claim against Federal Defendant. See Pl. Opp., Document No. 21, 22. It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire

case.").

Plaintiffs' Opposition fails to mention, let alone rebut, Federal Defendant's arguments concerning exhaustion of administrative remedies. Pl. Opp. As set forth in more detail in Federal Defendant's Motion, a federal employee may file a civil action only after exhausting his or her administrative remedies before the concerned federal agency. 42 U.S.C. § 2000e-16(c). Plaintiffs have not alleged that they ever filed an administrative complaint against the DOT. Compl. Accordingly, Plaintiffs' failure to bring the matter to the attention of an agency EEO counselor within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action," 29 C.F.R. § 1614.105(a)(1), and Plaintiffs' failure to file a formal written complaint with the agency that allegedly discriminated against them, 29 C.F.R. § 1614.106(a)-(c), bars Plaintiffs' claims against Federal Defendant in this action. Regardless of what procedures Plaintiffs may have followed against Ocean Duchess, they did not follow the statutory and regulatory requirements necessary for filing a discrimination lawsuit against a federal agency.

Because Plaintiffs' Opposition entirely fails to address this argument, Federal Defendant's Motion To Dismiss for failure to exhaust administrative remedies is unopposed, and Plaintiffs' claims should be dismissed. See, e.g., Stephenson v. Cox, 223 F. Supp.2d at 121.

## II. Federal Defendant's Arguments Were Properly Raised in a Motion to Dismiss and Discovery Is Not Necessary.

Plaintiffs attempt to save their claims against Federal Defendant by contending that discovery is necessary "to permit an accurate assessment of the government's relationship to ODI." Pl. Opp. at 4. However, discovery is unnecessary in the context of Federal Defendant's

Motion To Dismiss, and Plaintiffs' claims should fail.[2]

First, all of Plaintiffs claims should be dismissed for failure to exhaust administrative remedies, and thus Plaintiffs' request for discovery on other issues is irrelevant. The Court of Appeals has made clear that exhaustion arguments properly are raised in Fed. R. Civ. P. 12(b)(6) motions to dismiss. Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983) (affirming dismissal for failure to exhaust); Gordon v. National Youth Work Alliance, 675 F.2d 356, 360 (D.C. Cir. 1982) ("the proper method for raising a [Title VII] defense of [statute of] limitation is a motion under Rule 12(b)(6)."). Although Plaintiffs assert that discovery likely would uncover "the number of contracts Federal Defendants have specifically awarded ODI," and "the manner in which these contracts were awarded," Pl. Opp. at 4, they certainly have not argued that they need discovery on the exhaustion issues, the foundation for which is apparently undisputed.

Second, regardless of the information that Plaintiffs contend discovery could uncover, Plaintiffs were not federal employees within the meaning of Title VII and their claims against Federal Defendant should be dismissed. That Plaintiffs failed to follow the statutory and regulatory requirements necessary for filing a discrimination lawsuit against a federal agency only further supports the conclusion that Plaintiffs themselves did not believe that they were "federal employees" within the meaning of Title VII. See, e.g., 42 U.S.C. § 2000e-16.

---

[2] Of course, pursuant to Fed. R. Civ. P. 12(c), the Court could treat certain arguments in Defendant's motion pursuant to the standard for a grant of summary judgment. Fed. R. Civ. P. 56. The result would be the same. Both sides have had the opportunity to submit exhibits or attachments with their papers and have done so. Moreover, Plaintiffs opposed Defendant's motion without filing a Fed. R. Civ. P. 56(f) affidavit. See Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998) (concerning whether Title VII's "statute of limitations should have been equitably tolled" and noting that "[o]f course, Smith Haynie could have moved the district court under Fed. R. Civ. P. 56(f) for discovery, but no such motion was made in this case."

As set forth in Federal Defendant's Motion, the United States has waived its sovereign immunity concerning claims of discrimination, if at all, under 42 U.S.C. § 2000e-16, "Employment by the Federal Government," which provides "the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Administration, 425 U.S. 820, 835 (1976); 42 U.S.C. § 2000e-16. In exposing the federal government to suit under Title VII, 42 U.S.C. § 2000e-16, Congress limited its waiver of sovereign immunity to those suits brought by federal employees. See Spirides v. Reinhardt, 613 F.2d 826, 839 (D.C. Cir. 1979); Mares v. Marsh, 777 F.2d 1066, 1068 (5th Cir. 1985); King v. Dalton, 895 F. Supp. 831, 836 (E.D. Va. 1995); see also Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-23 (1992). When considering whether an individual meets the requirement of being a "federal employee," the primary consideration is control over the means and manner of the worker's performance. See Redd v. Summers, 232 F.3d 933, 939 (D.C. Cir. 2000); Spirides, 613 F.2d at 831; see also Bryant v. Orkand Corp., 407 F.Supp.2d 29, 33 (D.D.C. 2005)(granting the State Department's motion to dismiss, district court found that even though the agency retained control over the companies with whom it contracted, it did not control those companies' employees).

In this case, the Complaint explicitly alleges that "Plaintiffs at all relevant times were employed by Ocean Duchess." Compl. ¶ 8. Indeed, the contract between Ocean Duchess, Inc. and the DOT, which is attached to Federal Defendant's Motion To Dismiss, explicitly states that although crewmembers work on Government-owned vessels, the "employment relationship is with the Ship Manager and not the U.S. Government." Def. Motion, Exh. A at 54, § C.5.4.7, Document No. 18. Plaintiffs have not alleged that the DOT maintained any control over the means and manner of Plaintiffs' performance. See Redd, 232 F.3d at 939; see also Compl. In

6

fact, the exhibits attached to Plaintiffs' Opposition further support Federal Defendant's Motion by showing that Plaintiffs' performance evaluations were completed by their private employer, not the DOT.  See Pl. Opp., Exh. A, B, Document No. 22.  Plaintiffs' vague claims about discovery fail to dispute that the United States in no way controls the means and manner of the crewmembers' performance.  See id.; Pl. Opp. at 4.  Although Plaintiffs were assigned to work on the S.S. Cape May, a United States government-owned vessel, it is not disputed that ODI was in all respects the direct "employer" of Plaintiffs.  Compl. ¶¶ 8, 22.  Therefore, because Plaintiffs were not federal employees within the meaning of Title VII, all claims against Federal Defendant should be dismissed.

### III.    Venue is Improper in the District of Columbia.

Even had Plaintiffs been federal employees and timely and properly exhausted their administrative remedies, venue is not proper in the District of Columbia.  First, Plaintiffs contend that the Court should not consider venue arguments until after discovery on whether Plaintiffs were employees of the DOT.  Pl. Opp. at 7.  Second, Plaintiffs contend that under general venue transfer statutes, Title VII actions are subject to transfer for reasons of convenience, and that in this case it would be "inconvenient for Plaintiff White and his counsel, both Maryland residents, to have to travel to Norfolk, Virginia on a regular basis."  Pl. Opp. at 7.  Both of Plaintiffs' venue arguments are flawed.

Plaintiffs entirely overlook Title VII's applicable venue provision, which provides for venue where the agency headquarters office is located only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002); see also 42 U.S.C. § 2000e-

5(f)(3)(a Title VII action may be brought in the judicial district "**[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.")(numbering added).  Moreover, Plaintiffs ignore that under 28 U.S.C. § 1404, convenience is precisely why venue is *not* proper in the District of Columbia.

It is undisputed that the allegedly unlawful employment practices occurred in Norfolk, Virginia.  See Compl. ¶¶ 7, 22, 30, 33.  It is undisputed that Plaintiffs were assigned to work on the S.S. Cape May, a United States government-owned vessel pre-positioned in Norfolk, Virginia, since February 2000.  Id. ¶¶ 13, 14, 16.  As set forth in the Cahill Declaration attached to Federal Defendant's Motion, the DOT possesses no official records relating to Plaintiffs' employment.  See Cahill Decl. ¶ 10.  Indeed, Defendant Ocean Duchess asserts that "all employment records relevant to the alleged discrimination are maintained and administered in Norfolk, Virginia and Houston, Texas." Def. Motion To Dismiss at 18.  There is no allegation that Plaintiffs would have worked in the District of Columbia but for the alleged discrimination.  Moreover, both Federal Defendant and Defendant Ocean Duchess may be found in the Eastern District of Virginia, in Norfolk.  Neither Plaintiff resides in the District of Columbia.  Compl. ¶¶ 5, 6.  Therefore, even under the fourth basis for venue in Title VII's special venue provision, or under other general venue provisions, this action is not properly brought in the District of Columbia.

Because Plaintiffs filed this action in an improper venue, the Court should dismiss their

claims, or in the alternative, transfer this case to the Eastern District of Virginia, where Plaintiffs worked and where the alleged unlawful discriminatory acts occurred.

**IV.     Plaintiffs Fail To State Any Claim Against A Federal Defendant Upon Which Relief Could Be Granted.**

Finally, Plaintiffs' broad and conclusory assertions that they stated a proper claim of retaliation and age discrimination similarly should fail. "A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Plaintiffs' general allegations that "Defendants" took certain actions, or behaved in a certain way, fails to establish any connection between the DOT and such allegations. As set forth in more detail in Federal Defendant's Motion, the complaint fails to allege the most fundamental factual allegations necessary to state a claim against the DOT. See Fed. Def. Motion at 15-17. Furthermore, in their Opposition to Federal Defendant's Motion, Plaintiffs make several arguments concerning Defendant ODI's Motion To Dismiss, but fail to address the relevant arguments put forth by Federal Defendant. Accordingly, the Court may treat Federal Defendant's arguments that Plaintiffs failed to address as conceded.[3] See, e.g., Stephenson v. Cox, 223 F. Supp.2d at 121.

In addition to the fact that neither Plaintiff was a federal employee within the meaning of Title VII, and neither Plaintiff exhausted his administrative remedies as to any claim against Federal Defendant, Plaintiffs altogether fail to state a claim against any federal defendant upon

---

[3] Notably, Plaintiffs' Opposition does not address Federal Defendant's arguments concerning Count IV of Plaintiffs' Complaint, which purports to present a separate claim for emotional distress. Pl. Opp. As set forth in Federal Defendant's Motion and above, any such claim should also be dismissed. See Fed. R. Civ. P. 12(b)(6).

which relief could be granted.

## CONCLUSION

For all of the reasons stated above and in Federal Defendant's Motion, Federal Defendant respectfully requests dismissal of Plaintiff's claims against it, or in the alternative, that the Court transfer the case to the Eastern District of Virginia.

Dated: February 28, 2007.   Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220